**COMP**
JARED B. ANDERSON, ESQ. (SBN: 9747)
DAVID J. CHURCHILL, ESQ. (SBN:7308)
**INJURY LAWYERS OF NEVADA**
4001 Meadows Lane
Las Vegas, Nevada 89107
Telephone: 702-868-8888
Facsimile: 702-868-8889
jared@injurylawyersnv.com
david@injurylawyersnv.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEAN K. CLAGGETT & ASSOCIATES, LLC D/B/A CLAGGETT & SYKES LAW FIRM, A NEVADA LIMITED LIABILITY COMPANY; SEAN K. CLAGGETT, AN INDIVIDUAL,<br><br>               Plaintiffs,<br><br>v.<br><br>DON C. KEENAN, AN INDIVIDUAL; D.C. KEENAN & ASSOCIATES, P.A. D/B/A KEENAN LAW FIRM, A GEORGIA PROFESSIONAL ASSOCIATION; KEENAN'S KIDS FOUNDATION, INC., D/B/A KEENAN TRIAL INSTITUTE AND/OR THE KEENAN EDGE, A GEORGIA NON-PROFIT CORPORATION; BRIAN F. DAVIS, AN INDIVIDUAL; DAVIS LAW GROUP, P.A., A NORTH CAROLINA PROFESSIONAL ASSOCIATION; DAVID J. HOEY, AN INDIVIDUAL; TRAVIS E. SHETLER, AN INDIVIDUAL; WILLIAM ENTREKIN, AN INDIVIDUAL; DOES I-X; AND ROE BUSINESS ENTITIES XI-XX, INCLUSIVE,<br><br>               Defendants. | Case No. 2:21-cv-02237-GMN-DJA<br><br>**AMENDED COMPLAINT**<br><br>**Jury Demand** |

        Plaintiffs, SEAN K. CLAGGETT & ASSOCIATES, LLC d/b/a CLAGGETT &

SYKES LAW FIRM and SEAN K. CLAGGETT by and through their attorneys of record,

DAVID CHURCHILL, ESQ. and JARED ANDERSON, ESQ. of the law firm INJURY LAWYERS OF NEVADA, bring their causes of action against Defendants, DON C. KEENAN; D.C. KEENAN & ASSOCIATES, P.A. d/b/a KEENAN LAW FIRM; KEENAN'S KIDS FOUNDATION, INC. d/b/a KEENAN TRIAL INSTITUTE and/or THE KEENAN EDGE; BRIAN F. DAVIS; DAVIS LAW GROUP, P.A.; DAVID J. HOEY; TRAVIS E. SHETLER; WILLIAM ENTREKIN; DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive, and each of them, and alleges as follows:[1]

## JURISDICTION, VENUE, AND PARTIES

1.     This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00. Venue is proper pursuant to NRS 13.040, as Defendants, or any one of them, resided in Clark County, Nevada at the commencement of this action.

2.     Further, this Court has jurisdiction over this matter pursuant to NRS 14.065, the Due Process Clause of the Nevada Constitution, and the Due Process Clause of the United States Constitution with regards to Defendants Don C. Keenan; D.C. Keenan & Associates, P.A. d/b/a Keenan Law Firm; Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute and/or The Keenan Edge; Brian F. Davis; Davis Law Group, P.A.; David J. Hoey; Travis E. Shetler; and William Entrekin.

_____

[1] Plaintiffs will be timely filing their Motion to Remand and nothing in this Amended Complaint should be interpreted or construed as a waiver of Plaintiffs' right to seek remand pursuant to 28 U.S.C. § 1441, et seq. As explained in Plaintiffs' Motion to Remand, Plaintiffs' position is that this Court lacks subject matter jurisdiction as Defendant Travis E. Shetler is a Nevada resident and, thus, is non-diverse from Plaintiffs and has been properly joined to this action.

3.     Upon information and belief, Defendants Don C. Keenan; D.C. Keenan & Associates, P.A. d/b/a Keenan Law Firm; Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute and/or The Keenan Edge; Brian F. Davis; Davis Law Group, P.A.; David J. Hoey; Travis E. Shetler; and William Entrekin maintain a continuous and substantial presence in the State of Nevada through the conduct of regular business, sales, services, marketing, and/or seminars/trainings in the State. Specifically, upon information and belief, these Defendants published and sold training materials and books; organized, offered, lead, and participated in seminars and trainings in Nevada for Nevada attorneys; received compensation and remuneration from Nevada residents for their goods and services; and organized, offered, lead, and participated in one or more Nevada-focused e-mail listserv, all of which is more fully discussed below. At all times relevant herein, Defendants could have reasonably expected to be sued in Nevada for any claims arising out of or relating to Defendants' contacts with the forum.

4.     Upon information and belief, Defendants Don C. Keenan; D.C. Keenan & Associates, P.A. d/b/a Keenan Law Firm; Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute and/or The Keenan Edge; David J. Hoey; and/or William Entrekin dictated, drafted, published, sent, and/or distributed the April 27, 2020 email that is at issue in this case, as described below. Alternatively, upon information and belief, Defendants Don C. Keenan; D.C. Keenan & Associates, P.A. d/b/a Keenan Law Firm; Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute and/or The Keenan Edge; David J. Hoey; and/or William Entrekin directed or instructed that the April 27, 2020 email that is at issue in this case be sent, published, and/or distributed, as described below. Upon information and belief, these Defendants published, sent, distributed, and/or directed the April 27, 2020 email to thousands of attorneys nationwide, including approximately 100 attorneys here in

Nevada. Further, these acts by these Defendants were specifically and directly targeted at Plaintiff Sean K. Claggett, as detailed below. At all times relevant herein, these Defendants could have reasonably expected to be sued in Nevada for any claims arising out of or relating to Defendants' contacts with the forum.

5.     Upon information and belief, Defendants Don C. Keenan; D.C. Keenan & Associates, P.A. d/b/a Keenan Law Firm; Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute and/or The Keenan Edge; Brian F. Davis; Davis Law Group, P.A.; and Travis E. Shetler conspired together and intentionally interfered with Plaintiffs' contractual relationship, written, oral, or otherwise, with client Logan Erne, a Nevada resident, as described below. These acts were specifically and directly targeted at Plaintiff Sean K. Claggett & Associates, LLC d/b/a Claggett & Sykes Law Firm, as detailed below. At all times relevant herein, these Defendants could have reasonably expected to be sued in Nevada for any claims arising out of or relating to Defendants' contacts with the forum.

6.     At all times relevant herein, Plaintiff Sean K. Claggett & Associates, LLC d/b/a Claggett & Sykes Law Firm (hereinafter "Plaintiff" or "Claggett & Sykes"), was and is a limited liability company organized and existing under the laws of the State of Nevada and doing business in Clark County, Nevada.

7.     At all times relevant herein, Plaintiff Sean K. Claggett (hereinafter "Plaintiff" or "Mr. Claggett") was and is a resident of Clark County, Nevada.

8.     Upon information and belief, at all times relevant herein, Defendant Don C. Keenan (hereinafter "Defendant" or "Keenan"), was and is a resident of Walton County, Florida.

9.     Upon information and belief, at all times relevant herein, Defendant D. C. Keenan & Associates P.A. d/b/a Keenan Law Firm (hereinafter "Defendant" or "Keenan

Law Firm"), was and is a professional association organized and existing under the laws of the State of Georgia and doing business in Clark County, Nevada.

10.     Upon information and belief, at all times relevant herein, Defendant Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute and/or The Keenan Edge (hereinafter "Defendant" or "Keenan's Kids Foundation," "Keenan Trial Institute," or "Keenan Edge"), was and is a non-profit corporation organized and existing under the laws of the State of Georgia and doing business in Clark County, Nevada.

11.     Upon information and belief, at all times relevant herein, Defendant Brian F. Davis (hereinafter "Defendant" or "Davis"), was and is a resident of Buncombe County, North Carolina.

12.     Upon information and belief, at all times relevant herein, Defendant Davis Law Group, P.A. (hereinafter "Defendant" or "Davis Law Group"), was and is a professional association organized and existing under the laws of the State of North Carolina and doing business in Clark County, Nevada.

13.     Upon information and belief, at all times relevant herein, Defendant David J. Hoey (hereinafter "Defendant" or "Hoey"), was and is a resident of Middlesex County, Massachusetts.

14.     Upon information and belief, at all times relevant herein, Defendant Travis E. Shetler (hereinafter "Defendant" or "Shetler"), was and is a resident of Clark County, Nevada.

15.     Upon information and belief, at all times relevant herein, Defendant William Entrekin (hereinafter "Defendant" or "Entrekin"), was and is a resident of Lumpkin County, Georgia.

16.     Plaintiffs do not know the true names of Defendants Does I through X and sue said Defendants by fictitious names. Upon information and belief, each of the Defendants designated herein as Doe is legally responsible in some manner for the events alleged in this Complaint and actually, proximately, and/or legally caused injury and damages to Plaintiffs.  Plaintiffs will seek leave of the Court to amend this Complaint to substitute the true and correct names for these fictitious names upon learning that information.

17.     Plaintiffs do not know the true names of Defendants Roe Business Entities XI through XX and sue said Defendants by fictitious names. Upon information and belief, each of the Defendants designated herein as Roe Business Entities XI through XX, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein; and/or are entities responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Upon information and belief, each of the Defendants designated as a Roe Business Entity is in some manner negligently, vicariously, and/or statutorily responsible for the events alleged in this Complaint and actually, proximately, and/or legally caused damages to Plaintiff. Plaintiff will seek leave of the Court to amend this Complaint to substitute the true and correct names for these fictitious names upon learning that information.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

18.     Plaintiffs repeat and reallege the allegations as contained in the preceding paragraphs herein and incorporate the same herein by reference.

**Background of Defendant Keenan, The Keenan Trial Institute, and the Keenan Edge**

19.     Defendant Keenan is a lawyer who co-authored a trial advocacy book with jury consultant David Ball entitled: <u>Reptile the 2009 Manual of the Plaintiff's Revolution</u>.

20.     Keenan has released several books following the Reptile, mainly books that compile his weekly blog articles.

21.     In the years following the release of the book, Defendant Keenan and Mr. Ball began conducting seminars to expand on the material in the book.

22.     In or around 2013 or 2014, Defendant Keenan and Mr. Ball created the Keenan Ball Trial College ("KBC"), which was a trial college for plaintiff's lawyers based on the Reptile book.

23.     KBC instructors are trial lawyers from around the country who volunteer, with no pay, to instruct at the course.

24.     Defendant Hoey was named the "Dean" of the Keenan Ball Trial College.

25.     Sometime around 2017 or 2018, Defendant Keenan began to phase out use of the Reptile name and began calling it the Keenan Edge. Upon information and belief, Defendant Keenan also phased out Mr. Ball's involvement.

26.     Sometime around 2018 or 2019, Defendant Keenan changed the name of Keenan Ball Trial College to The Keenan Trial Institute.

27.     Upon information and belief, Defendant Shetler is an instructor at The Keenan Trial Institute.

28.     According to Defendant Keenan, his Keenan's Kids Foundation owns The Keenan Trial College and The Keenan Edge, and all of the material taught through those ventures.

29.     Defendant Keenan says that the Keenan's Kids Foundation is a non-profit organization. Defendant Keenan claims he makes no money off his Reptile or Edge books, or off his Keenan Trial Institute. Defendant Keenan claims he donates all of his proceeds to the Keenan Trial Institute.

30.     Upon information and belief, based on publicly available tax records, Keenan's Kids Foundation made over $2,000,000 in revenue in 2018 from the Keenan Trial Institute and The Keenan Edge ventures. Less than $40,000 of that went to "kids." Upon information and belief, the remainder of the money went to operating The Keenan Trial Institute and The Keenan Edge ventures. Upon information and belief, Keenan uses this money to fund his private jet and to pay his wife a salary of $70,000 a year, despite her having no involvement in the Keenan Trial Institute or The Keenan Edge. Upon information and belief, Keenan Trial College and The Keenan Edge have no paid employees. All staff that organize, manage, and operate Keenan Trial College and The Keenan Edge are employees of Keenan's Kids Foundation.

**Background of Claggett & Sykes's Involvement in the Reptile**

31.     Mr. Claggett is a trial lawyer in Las Vegas. He is the founding partner of Claggett & Sykes Law Firm. Mr. Claggett also owns a focus group company based in Las Vegas.

32.     In about 2012, Mr. Claggett and other lawyers from his firm began attending Keenan and Ball's Reptile seminars and, in 2014, began attending courses at KBC.

33.     Within the next two to three years, Mr. Claggett and several of the lawyers at Claggett & Sykes became instructors at KBC.

34.     Mr. Claggett and his partners, William Sykes and Matthew Granda also managed the Nevada Reptile listserv, which is an email listserv for Nevada plaintiff's lawyers who had attended Reptile seminars and/or KBC courses.

35.     The Nevada listserv was one of the largest and most active listservs in the nation.

36.     Mr. Claggett became one of the best-known instructors at KBC and became very close with Defendant Keenan. In 2016, Mr. Claggett was one of four KBC instructors who got invited to attend a trip to Greece with Defendant Keenan to participate in an intense multi-day training on Reptile material.

37.     Around that same time Defendant Keenan co-counseled in Nevada on one of Claggett & Sykes's cases.

38.     In 2018, the relationship between Mr. Claggett and Defendant Keenan began to suffer. Mr. Claggett was conducting trials that, according to Defendant Keenan, did not strictly follow Keenan's teachings. Defendant Keenan made clear that his instructors were not to conduct trials outside of the strict confines of what he taught; as he put it, not to "go off the reservation."

39.     Defendant Keenan, usually through his lead KBC instructors, Defendant Hoey and Mindy Bish, enforced strict loyalty to the Reptile, and only the Reptile. For example, a KBC instructor attended another trial college and sent an email to his state's listserv stating that he found the course useful and recommended the college to others. Defendant Keenan immediately banned this instructor from all things Reptile.

40.     Another example occurred when Mr. Claggett conducted a product liability trial in 2018, where his co-counsel Sam Harding gave an opening statement that lasted over an hour, and where Mr. Claggett settled with one of the defendants before trial—both are against Defendant Keenan's teachings.

41.     Shortly after the trial, KBC conducted a course in Las Vegas. Defendant Keenan appeared via videoconference and announced to all the participants, that he was so disturbed that one of his instructors would give an opening statement over an hour that he had lost sleep and that it went against the Reptile teachings. Defendant Keenan said all of this while one of Claggett & Sykes's lawyers was an instructor at that same KBC course.

42.     Later in 2018, one of Defendant Keenan's fellows (Keenan has a system where he invites lawyers to conduct a "fellowship" with his law firm for a year for $30,000), sent an email to the Nevada Reptile listserv lambasting anyone who would charge more than $250 per hour to conduct a focus group. The fellow also stated that Defendant Keenan or others from his organization would come to Las Vegas and conduct focus groups for $250. Upon information and belief, the fellow sent this email at Defendant Keenan's direction. Upon information and belief, neither Defendant Keenan nor his KBC staff ever lived up to the promise to come to Nevada to conduct these focus groups.

43.     Upon information and belief, this email was a direct attack on Mr. Claggett's focus group company.

44.     Around the same time, Mr. Claggett learned that Defendant Keenan was requiring all of the KBC instructors to sign agreements where if they did not volunteer at least three times a year to teach KBC courses that they would have to pay a fine of $25,000.00.

45.     Around late summer of 2018, Mr. Claggett informed Keenan and the KBC staff that all the attorneys at Claggett & Sykes were resigning from being KBC instructors and listserv moderators.

46.     Keenan and/or his KBC staff immediately removed Claggett & Sykes attorneys from the Nevada listserv.

47.     Upon information and belief, after removing the Claggett & Sykes lawyers from the listserv, participation in the Nevada Reptile listserv declined significantly.

**Mr. Claggett's Involvement with Case Analysis**

48.     After their involvement with the Reptile group ended in 2018, Mr. Claggett and the other lawyers at Claggett & Sykes began to attend other trial courses, such as the Trojan Horse Method, Mark Lanier's Trial Academy, and Rick Friedman's Ethos.

49.     Mr. Claggett was asked by the founder of the Trojan Horse Method to teach various courses and to conduct analyses of some of his trials. These programs were done under the name, Case Analysis.

50.     In 2020, Mr. Claggett volunteered to teach a Case Analysis course on the voir dire methods he uses during trial. Mr. Claggett did not receive any money for teaching this course.

51.     During the COVID-19 shutdown, the Trojan Horse Method/Case Analysis founder organized daily, free webinars for plaintiff's lawyers across the country. Mr. Claggett volunteered his time and frequently taught two webinars a week between March and June of 2020.

52.     In April 2020, Defendant Keenan, through his Keenan's Kids Foundation, filed a lawsuit against Mr. Claggett, alleging that Mr. Claggett had misappropriated Keenan's voir dire methods. This was somewhat ironic in that Mr. Claggett and his team of

lawyers were chastised and essentially excommunicated from the Reptile group for "going off the reservation" of the way Keenan required trials to be conducted.

53.     On April 27, 2020, Defendant Entrekin, sent an email to all of the state Reptile listservs, including the listserv for Nevada-based attorneys. The content of the email was written by Defendant Hoey. Upon information and belief, Defendant Hoey wrote the email at the direction of Defendant Keenan.

54.     Upon information and belief, the email went out to over 4,000 lawyers across the country, including approximately 100 attorneys located in Nevada.

55.     The email stated:

All-

I write to you all as the Dean of the Keenan Trial Institute.

KTI prides itself on the quality of what it teaches by trained faculty and co-deans.

The material and training comes from close to 40 years of experience and material of Mr. Keenan's own creation.

It is highly protected information by copyright, trademark and confidentiality nondisclosure agreements.

In the past we have had to pursue infringement and breaches. Some, not all, infringements were non-intentional. However, some were intentional.

It has come to our attention that Sean Claggett has been hosting seminars/webinars revealing confidential, copyright, trademarked material that he got when he was a referring attorney of the Keenan Law Firm and then an Instructor for KBC (now KTI).

Because of this blatant, intentional infringement and dissemination of protected, confidential information the Keenan's Kids Foundation took action!

Please be advised that a Federal lawsuit has been filed against Mr. Claggett in Georgia for his misuse and breaches. The suit is filed by one of the most prominent IP law firms in the country. This lawsuit was necessary as Mr. Claggett, after having been warned to stop, continues to breach his agreements of confidentiality. Including today.

> There are reasons it's important NOT to watch or listen to Claggett. For starters, he gets it wrong and takes shortcuts and, WORSE, his info has no safeguards and goes directly to the Black Hats…………Claggett doesn't care and it hurts us all.
>
> Now, let this be a lesson to you all about the protection of the material you are learning and teaching and the depth we will go to protect.
>
> You are the Country's best and brightest Trial Lawyers because of what you learn from Poppa Don.

56.     In May 2020, The Keenan Edge took out an advertisement in the State Bar of Nevada's magazine, Nevada Lawyer. Upon information and belief, this was the first advertisement The Keenan Edge had ever published in Nevada.

**Defendant Davis, Defendant Davis Law Group, and Defendant Shetler's Involvement**

57.     Defendant Davis is an attorney based in North Carolina. He is also an instructor at the KBC and/or Keenan Trial Institute.

58.     Upon information and belief, Defendant Davis is an owner, officer, and/or director of Davis Law Group, a law firm based in Asheville, North Carolina.

59.     Mr. Claggett met Defendant Davis through the Reptile and KBC courses.

60.     In or around 2017, Defendant Davis asked Claggett & Sykes to co-counsel with him and his law firm on a medical malpractice case in Las Vegas. The client's family was originally from North Carolina and retained Defendant Davis and Davis Law Group.

61.     At the same time, Mr. Claggett asked Defendant Davis to speak with a client who had a potential case in North Carolina. That client retained Defendant Davis and Defendant Law Group, and Defendant Davis filed a lawsuit on behalf of the client in North Carolina.

62.     The Las Vegas client retained Claggett & Sykes and in 2018, Claggett & Sykes filed a complaint on behalf of the client.

63.     Over the course of representing the Las Vegas Client from 2018 to 2020, Claggett & Sykes completed the following discovery (in addition to substantial motion practice at the outset of the case, including a motion for summary judgment)

- Forty (40) Supplements to NRCP 16.1 Disclosures;
- Interrogatories to Dr. Anthony Quinn;
- Requests for Admissions to Dr. Anthony Quinn;
- Requests for Production to Dr. Anthony Quinn;
- Interrogatories to PA Brandon Payzant;
- Requests for Admissions to PA Brandon Payzant;
- Requests for Production to PA Brandon Payzant;
- Two Sets of Interrogatories to Harmony Healthcare;
- Requests for Admissions to PA Harmony Healthcare;
- Two Sets of Requests for Production to Harmony Healthcare;
- Interrogatories to Margaret Williams LCPC;
- Requests for Admissions to Margaret Williams LCPC;
- Requests for Production to Margaret Williams LCPC;
- Interrogatories to Marilyn Abel CPC;
- Requests for Admissions to Marilyn Abel CPC;
- Requests for Production to Marilyn Abel CPC;
- Two Sets of Interrogatories to Summerlin Hospital;
- Requests for Admissions to Summerlin Hospital;
- Three Set of Requests for Production to Summerlin Hospital;
- Depositions of:
  - a. Marilyn Abel;
  - b. Dr. Hammonds;
  - c. Andrew Erne;
  - d. Logan Erne;
  - e. Amber Kerns;
  - f. Kim Mullenix;
  - g. Brandon Payzant, PAC;
  - h. Dr. Quinn;
  - i. Dr. Trombley;
  - j. Dr. Vanduzer;
  - k. Margaret Williams, LCPC
- Subpoenaed LVMPD for the 911 call
- Draft NRCP 30(b)(6) Notice, Summerlin Hospital;
- Draft NRCP 30(b)(6) Notice, Harmony Healthcare;
- Located, requested, and received medical records from all forty-six (46) treating providers;
- Evaluated and outlined all medical records;
- Drafted EDCR 2.34 letters to Dr. Quinn, Summerlin Hospital, and Harmony Healthcare requiring that they update their discovery responses;
- Retained the following expert witnesses:
  - a. Dr. Burroughs, Hospital Administrator;

b.   Dr. Corvin, Psychiatry
c.   Deborah Dominick, RN, Behavior Health Administrator;
d.   Cynthia Wilhelm, CLCP
e.   Dr. Reynard, Eye Doctor; and
f.   Vicki Hutman, LCPC

64.    Claggett & Sykes incurred close to $150,000.00 in costs on the case.

65.    Defendant Davis was responsible for retaining a hand doctor expert and never did so.

66.    Between 2018 and May 2020, neither the client, the client's family, Defendant Davis, nor anyone from Davis Law Group ever expressed displeasure with Claggett & Sykes's representation.

67.    In fact, as late as April 28, 2020, Claggett & Sykes lawyers had phone calls with Defendant Davis about the case and everything was fine.

68.    On or about May 14, 2020—less than three weeks after Defendant Keenan, Defendant Hoey, and Defendant Entrekin sent the email about Mr. Claggett to the Keenan listservs—Defendant Davis asked Mr. Claggett and Claggett & Sykes's lead medical malpractice partner, Jennifer Morales, for a phone call. They spoke the next day.

69.    During the May 15, 2020 phone call, Defendant Davis stated that the client had decided to fire Claggett & Sykes. Mr. Claggett and Mrs. Morales asked why, and Mr. Davis first stated that the client was upset about 30(b)(6) depositions not being conducted. After Mr. Claggett & Mrs. Morales pointed out that the notices were ready to go, Defendant Davis changed the reason and said that the client was upset that policies and procedures had not been obtained from the defendants. Mr. Claggett & Mrs. Morales pointed out that this was also incorrect. Mr. Claggett & Mrs. Morales asked Defendant Davis what was really going on and Mr. Davis said that he was firing Claggett & Sykes for what Mr. Claggett had done to the Reptile group.

70.     Upon information and belief, Defendant Keenan asked or told Defendant Davis to fire Claggett & Sykes from the case. This belief is based on the fact that Mr. Claggett has spoken with at least one other former KBC instructor who said that after Mr. Claggett left the Reptile, Defendant Keenan told the former instructor that he should fire Mr. Claggett off a in which case Mr. Claggett and the former instructor were co-counsel.

71.     Alternatively, upon information and belief, Defendant Davis fired Claggett & Sykes due to Defendant Keenan, Defendant Hoey, and Defendant Entrekin's April 27, 2020 email.

72.     As further proof that Defendant Davis fired Claggett & Sykes due to Defendant Keenan's direction or due to the April 27, 2020 email, upon information and belief, Defendant Keenan and Defendant Shetler, and not Defendant Davis, called at least one other lawyer in Las Vegas in an attempt to find new counsel to replace Claggett & Sykes. Upon information and belief, Defendant Keenan and Defendant Shetler were on at least one phone call together with at least one Las Vegas attorney, who refused to accept the case.

73.     Upon information and belief, Defendant Shetler had communications with Defendant Keenan and/or Defendant Davis in furtherance of their conspiracy to interfere with Plaintiffs' contractual relationship with the client.

74.     Upon information and belief, Defendant Keenan held one or more meetings with Defendant Davis and/or Defendant Shetler on the phone, through text, email, and/or in person prior to the date the client terminated Claggett & Sykes to discuss interfering with Claggett & Sykes' relationship with the client.

75.     Upon information and belief, Defendant Keenan and/or Defendant Davis recruited Defendant Shetler to assist in finding a new attorney in Nevada to replace Claggett & Sykes as counsel for the client.

76.     Further proof that Defendant Davis fired Claggett & Sykes due to Defendant Keenan's direction or due to the April 27, 2020 email, and not due to Claggett & Sykes's performance on the case, is that during the May 15, 2020 phone call, Defendant Davis also informed Mr. Claggett and Mrs. Morales that he was withdrawing from the North Carolina case that Mr. Claggett had referred to him. Mr. Davis ultimately did not withdraw from that case but upon information and belief convinced the client to fire Claggett & Sykes from representation.

77.     Defendant Davis and/or the client chose to retain Defendant Shetler as new local Las Vegas counsel. Upon information and belief, Defendant Shetler is a Keenan Trial Institute instructor.

## FIRST CLAIM FOR RELIEF

### (Defamation)

**Plaintiff Sean Claggett Against Defendant Don C. Keenan; Defendant D.C. Keenan & Associates P.A. D/B/A Keenan Law Firm; Defendant Keenan's Kids Foundation, Inc. D/B/A Keenan Trial Institute Or The Keenan Edge; Defendant David J. Hoey; And Defendant William Entrekin**

78.     Plaintiffs repeat and reallege the allegations as contained in the preceding paragraphs herein and incorporate the same herein by reference.

79.     In the April 27, 2020 email, Defendants, and each of them, made and/or caused to be made unprivileged publication of false and defamatory statements concerning Plaintiff, as set forth above.

80.     Defendants made and/or caused to be made unprivileged publication of these statements to third persons, specifically to thousands of lawyers across the United States, including approximately 100 lawyers in Nevada.

81.     Defendants, and each of them, were at least negligent in making these false and defamatory statements, but based on the statements, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, acted with malice in making the aforementioned statements.

82.     Upon information and belief, at the time of his actions defaming Plaintiff, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan's Kids Foundation and was in the course and scope of his employment with Keenan's Kids Foundation at the time of his aforementioned actions.

83.     Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Hoey was an employee, agent, or servant of Defendant Keenan's Kids Foundation and was in the course and scope of his employment or relationship with Defendant Keenan's Kids Foundation at the time of his aforementioned actions.

84.     Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Entrekin was an employee, agent, or servant of Defendant Keenan's Kids Foundation and was in the course and scope of his employment or relationship with Defendant Keenan's Kids Foundation at the time of his aforementioned actions.

85.     Defendant Keenan's Kids Foundation is vicariously liable for Defendant Keenan's, Defendant Hoey's, and/or Defendant Entrekin's actions in defaming Plaintiff and for any and all damages flowing therefrom.

86.     Upon further information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan Law Firm and was in the course and scope of his employment with Keenan Law Firm at the time of his aforementioned actions.

87.     Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Entrekin was an employee, agent, or servant of Defendant Keenan Law Firm and was in the course and scope of his employment or relationship with Defendant Keenan Law Firm at the time of his aforementioned actions.

88.     Defendant Keenan Law Firm is vicariously liable for Defendant Keenan's and Defendant Entrekin's actions in defaming Plaintiff and for any and all damages flowing therefrom.

89.     Defendants' defamation is an actual and proximate or legal cause of Plaintiff's injuries. Plaintiff experienced injury to his reputation and suffered actual general damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages.

90.     As a further actual and proximate or legal result of Defendants' defamation, Plaintiff has suffered actual special damages and/or will continue to suffer actual special damages into the future. The exact amount of such past and future damages is unknown at this present time, but Plaintiff alleges that he has suffered and/or will suffer special damages

in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages.

91.     Defendant Keenan's actions in defaming Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

92.     Defendant Keenan's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Keena with willful and conscious disregard for the rights of Plaintiff.

93.     Defendant Keenan's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

94.     Defendant Hoey's actions in defaming Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

95.     Defendant Hoey's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Hoey with willful and conscious disregard for the rights of Plaintiff.

96.     Defendant Hoey's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

97.     Defendant Entrekin's actions in defaming Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

98.     Defendant Entrekin's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Entrekin with willful and conscious disregard for the rights of Plaintiff.

99.     Defendant Entrekin's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

100.     Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan's Kids Foundation, and expressly authorized or ratified the wrongful acts of Defendant Keenan, Defendant, Hoey, and Defendant Entrekin. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan's Kids Foundation.

101.     Pursuant to NRS 42.007, Defendant Keenan's Kids Foundation is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan, Defendant Hoey, and/or Defendant Entrekin.

102.     Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan Law Firm, and expressly authorized or ratified the wrongful acts of Defendant Keenan and/or Defendant Entrekin. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan Law Firm.

103.     Pursuant to NRS 42.007, Defendant Keenan Law Firm is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan and/or Defendant Entrekin.

104.     The actions of Defendants have forced Plaintiffs to retain counsel to represent them in the prosecution of this action, and they are therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

///

///

## SECOND CLAIM FOR RELIEF

### (Defamation Per Se)

**Plaintiff Sean Claggett Against Defendant Don C. Keenan; Defendant D.C. Keenan & Associates P.A. d/b/a Keenan Law Firm; Defendant Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute or The Keenan Edge; Defendant David J. Hoey; and Defendant William Entrekin**

105.    Plaintiffs repeat and reallege the allegations as contained in the preceding paragraphs herein and incorporates the same herein by reference.

106.    In the April 27, 2020 email, Defendants, and each of them, made, or upon information and belief, caused to be made, unprivileged publication of false and defamatory statements concerning Plaintiff, as set forth above.

107.    Defendants made, and/or caused to be made, unprivileged publication of these statements to third persons, specifically to thousands of lawyers across the United States, including approximately 100 lawyers in Nevada.

108.    Defendants, and each of them, were at least negligent in making these false and defamatory statements, but based on the statements, Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, acted with malice in making the aforementioned statements.

109.    Additionally, the statements made, or caused to be made, by Defendants were defamatory per se, as the statements involved allegations or imputations injurious to Plaintiff in his trade, business, or profession.

110.    Upon information and belief, at the time of his actions defaming Plaintiff, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan's Kids Foundation and was in

the course and scope of his employment with Keenan's Kids Foundation at the time of his aforementioned actions.

111.    Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Hoey was an employee, agent, or servant of Defendant Keenan's Kids Foundation and was in the course and scope of his employment or relationship with Defendant Keenan's Kids Foundation at the time of his aforementioned actions.

112.    Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Entrekin was an employee, agent, or servant of Defendant Keenan's Kids Foundation and was in the course and scope of his employment or relationship with Defendant Keenan's Kids Foundation at the time of his aforementioned actions.

113.    Defendant Keenan's Kids Foundation is vicariously liable for Defendant Keenan's, Defendant Hoey's, and/or Defendant Entrekin's actions in defaming Plaintiff and for any and all damages flowing therefrom.

114.    Upon further information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan Law Firm and was in the course and scope of his employment with Keenan Law Firm at the time of his aforementioned actions.

115.    Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Entrekin was an employee, agent, or servant of Defendant Keenan Law Firm and was in the course and scope of his employment or relationship with Defendant Keenan Law Firm at the time of his aforementioned actions.

116.    Defendant Keenan Law Firm is vicariously liable for Defendant Keenan's and Defendant Entrekin's actions in defaming Plaintiff and for any and all damages flowing therefrom.

117.    Defendants' defamation is an actual and proximate or legal cause of Plaintiff's injuries. Plaintiff experienced injury to his reputation and suffered actual and/or presumed general damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages.

118.    As a further actual and proximate or legal result of Defendants' defamation, Plaintiff has suffered actual and/or presumed special damages and/or will continue to suffer actual and/or presumed special damages into the future. The exact amount of such past and future damages is unknown at this present time, but Plaintiff alleges that he has suffered and/or will suffer special damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages.

119.    Defendant Keenan's actions in defaming Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

120.    Defendant Keenan's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Keena with willful and conscious disregard for the rights of Plaintiff.

121.    Defendant Keenan's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

122.    Defendant Hoey's actions in defaming Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

123.    Defendant Hoey's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Hoey with willful and conscious disregard for the rights of Plaintiff.

124.    Defendant Hoey's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

125.    Defendant Entrekin's actions in defaming Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

126.    Defendant Entrekin's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Entrekin with willful and conscious disregard for the rights of Plaintiff.

127.    Defendant Entrekin's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

128.    Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan's Kids Foundation, and expressly authorized or ratified the wrongful acts of Defendant Keenan, Defendant, Hoey, and Defendant Entrekin. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan's Kids Foundation.

129.    Pursuant to NRS 42.007, Defendant Keenan's Kids Foundation is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan, Defendant Hoey, and/or Defendant Entrekin.

130.    Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan Law Firm, and expressly authorized or ratified the wrongful acts of Defendant Keenan and/or Defendant Entrekin. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan Law Firm.

131.    Pursuant to NRS 42.007, Defendant Keenan Law Firm is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan and/or Defendant Entrekin.

132.    The actions of Defendants have forced Plaintiffs to retain counsel to represent them in the prosecution of this action, and they are therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## THIRD CLAIM FOR RELIEF

### (Civil Conspiracy)

**Plaintiff Sean Claggett Against Defendant Don C. Keenan; Defendant D.C. Keenan & Associates P.A. d/b/a Keenan Law Firm; Defendant Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute or The Keenan Edge; Defendant David J. Hoey; and Defendant William Entrekin**

133.    Plaintiffs repeat and reallege the allegations as contained in the preceding paragraphs herein and incorporates the same herein by reference.

134.    Defendant Keenan, Defendant Hoey, and Defendant Entrekin, intended to accomplish an unlawful objective together with the purpose of harming Plaintiff.

Specifically, these Defendants acted with the objective defaming Plaintiff and causing harm to his reputation in the community and his reputation as a lawyer.

135.    The association of these Defendants acted by a concert of action with either an agreement, understanding, or meeting of the minds regarding the objective of harming Plaintiff by defaming him.

136.    Upon information and belief, Defendants conspired with each other to publish a false, unprivileged, defamatory statement about Plaintiff to thousands of lawyers across the United States, including approximately 100 lawyers in Nevada.

137.    Upon information and belief, at the time of his actions defaming Plaintiff, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan's Kids Foundation and was in the course and scope of his employment with Keenan's Kids Foundation at the time of his aforementioned actions.

138.    Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Hoey was an employee, agent, or servant of Defendant Keenan's Kids Foundation and was in the course and scope of his employment or relationship with Defendant Keenan's Kids Foundation at the time of his aforementioned actions.

139.    Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Entrekin was an employee, agent, or servant of Defendant Keenan's Kids Foundation and was in the course and scope of his employment or relationship with Defendant Keenan's Kids Foundation at the time of his aforementioned actions.

140.    Defendant Keenan's Kids Foundation is vicariously liable for Defendant Keenan's, Defendant Hoey's, and/or Defendant Entrekin's actions in defaming Plaintiff and for any and all damages flowing therefrom.

141.   Upon further information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan Law Firm and was in the course and scope of his employment with Keenan Law Firm at the time of his aforementioned actions.

142.   Upon further information and belief, at the time of his actions defaming Plaintiff, Defendant Entrekin was an employee, agent, or servant of Defendant Keenan Law Firm and was in the course and scope of his employment or relationship with Defendant Keenan Law Firm at the time of his aforementioned actions.

143.   Defendant Keenan Law Firm is vicariously liable for Defendant Keenan's and Defendant Entrekin's actions in defaming Plaintiff and for any and all damages flowing therefrom.

144.   Defendants' actions in conspiring to defame Plaintiff is an actual and proximate or legal cause of Plaintiff's injuries. Plaintiff suffered general damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages.

145.   As a further actual and proximate or legal result of Defendants' actions in conspiring to defame Plaintiff, Plaintiff has suffered special damages and/or will continue to suffer special damages into the future. The exact amount of such past and future damages is unknown at this present time, but Plaintiff alleges that he has suffered and/or will suffer special damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages.

146.   Defendant Keenan's actions in conspiring to defame Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

147.   Defendant Keenan's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Keena with willful and conscious disregard for the rights of Plaintiff.

148.   Defendant Keenan's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

149.   Defendant Hoey's actions in conspiring to defame Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

150.   Defendant Hoey's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Hoey with willful and conscious disregard for the rights of Plaintiff.

151.   Defendant Hoey's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

152.   Defendant Entrekin's actions in conspiring to defame Plaintiff were undertaken knowingly, wantonly, willfully and maliciously.

153.   Defendant Entrekin's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Entrekin with willful and conscious disregard for the rights of Plaintiff.

154.   Defendant Entrekin's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount

appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

155.    Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan's Kids Foundation, and expressly authorized or ratified the wrongful acts of Defendant Keenan, Defendant, Hoey, and Defendant Entrekin. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan's Kids Foundation.

156.    Pursuant to NRS 42.007, Defendant Keenan's Kids Foundation is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan, Defendant Hoey, and/or Defendant Entrekin.

157.    Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan Law Firm, and expressly authorized or ratified the wrongful acts of Defendant Keenan and/or Defendant Entrekin. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan Law Firm.

158.    Pursuant to NRS 42.007, Defendant Keenan Law Firm is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan and/or Defendant Entrekin.

159.    The actions of Defendants have forced Plaintiffs to retain counsel to represent them in the prosecution of this action, and they are therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

///

///

///

///

## FOURTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

**Plaintiff Sean K. Claggett & Associates, LLC d/b/a Claggett & Sykes Law Firm Against Defendant Don C. Keenan; Defendant D.C. Keenan & Associates P.A. d/b/a Keenan Law Firm; Defendant Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute or The Keenan Edge; Defendant Brian F. Davis; Defendant Davis Law Group, P.A.; and Defendant Travis E. Shetler**

160.    Plaintiffs repeat and reallege the allegations as contained in the preceding paragraphs herein and incorporates the same herein by reference.

161.    There existed a valid contract between Plaintiff and the Las Vegas personal injury plaintiff related to Plaintiff's representation of that plaintiff in a lawsuit in Clark County, Nevada.

162.    The valid contract between Plaintiff and the Las Vegas personal injury plaintiff was made in writing and orally.

163.    The valid contract provided that Plaintiff would be paid for its services through either a contingency fee arrangement or, alternatively, an hourly rate based on hours worked or, alternatively, quantum meruit.

164.    Defendant Davis had knowledge of this valid contract because he referred the client to Plaintiff, was co-counsel on the case, and executed a Joint Representation and Fee-Split Agreement that specifically incorporated by reference the Claggett & Sykes Contingency Fee Agreement with the client. Upon information and belief, the remaining Defendants also had knowledge of the contract or had reason to know of its existence.

165.    Upon information and belief, Defendants, and each of them, committed intentional acts intended or designed to disrupt the contractual relationship. Specifically,

upon information and belief, Defendant Keenan asked or told Defendant Davis to have Plaintiff's representation of the client terminated. Upon further information and belief, Defendant Davis convinced the client, upon false pretenses, to terminate the attorney client relationship with Plaintiff.

166.    Upon information and belief, due to Defendants' wrongful and unjustified conduct, the client did in fact terminate the relationship with Plaintiff, thus disrupting the contract.

167.    Upon information and belief, due to Defendants' wrongful and unjustified conduct, the client then retained Defendant Shetler as his new Las Vegas counsel.

168.    Upon information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan's Kids Foundation and was in the course and scope of his employment with Keenan's Kids Foundation at the time of his aforementioned actions.

169.    Defendant Keenan's Kids Foundation is vicariously liable for Defendant Keenan's actions and for any and all damages flowing therefrom.

170.    Upon further information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan Law Firm and was in the course and scope of his employment with Keenan Law Firm at the time of his aforementioned actions.

171.    Defendant Keenan Law Firm is vicariously liable for Defendant Keenan's actions and for any and all damages flowing therefrom.

172.    Upon further information and belief, at the time of his actions alleged above, Defendant Davis was an Officer, Director, and/or employee of Defendant Davis Law Group and was in the course and scope of his employment with Defendant Davis Law Group at the time of his aforementioned actions.

173.    Defendant Davis Law Group is vicariously liable for Defendant Davis's actions and for any and all damages flowing therefrom.

174.    Defendants' intentional interference is an actual and proximate or legal cause of Plaintiff's injuries. Plaintiff suffered general damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages caused by the conduct of Defendant Keenan. Defendant Davis Law Group is vicariously liable for any such damages caused by the conduct of Defendant Davis.

175.    As a further actual and proximate or legal result of Defendants' intentional interference, Plaintiff has suffered special damages and/or will continue to suffer special damages into the future. The exact amount of such past and future damages is unknown at this present time, but Plaintiff alleges that he has suffered and/or will suffer special damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages caused by the conduct of Defendant Keenan. Defendant Davis Law Group is vicariously liable for any such damages caused by the conduct of Defendant Davis.

176.    Defendant Keenan's actions in intentionally interfering with Plaintiff's contractual relations were undertaken knowingly, wantonly, willfully and maliciously.

177.   Defendant Keenan's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Keena with willful and conscious disregard for the rights of Plaintiff.

178.   Defendant Keenan's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

179.   Defendant Davis's actions in intentionally interfering with Plaintiff's contractual relations were undertaken knowingly, wantonly, willfully and maliciously.

180.   Defendant Davis's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Davis with willful and conscious disregard for the rights of Plaintiff.

181.   Defendant Davis's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

182.   Defendant Shetler's actions in intentionally interfering with Plaintiff's contractual relations were undertaken knowingly, wantonly, willfully and maliciously.

183.   Defendant Shetler's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Shetler with willful and conscious disregard for the rights of Plaintiff.

184.   Defendant Shetler's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount

appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

185.     Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan's Kids Foundation, and expressly authorized or ratified the wrongful acts of Defendant Keenan. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan's Kids Foundation.

186.     Pursuant to NRS 42.007, Defendant Keenan's Kids Foundation is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan.

187.     Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan Law Firm, and expressly authorized or ratified the wrongful acts of Defendant Keenan. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan Law Firm

188.     Pursuant to NRS 42.007, Defendant Keenan Law Firm is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan.

189.     Upon information and belief, Defendant Davis is an officer, director, or managing agent of Defendant Davis Law Group, and expressly authorized or ratified the wrongful acts of Defendant Davis. Upon information and belief, Defendant Davis was expressly authorized to direct or ratify this conduct on behalf of Defendant Davis Law Group.

190.     Pursuant to NRS 42.007, Defendant Davis Law Group is vicariously liable for punitive damages for the wrongful acts of Defendant Davis.

191.    The actions of Defendants have forced Plaintiffs to retain counsel to represent them in the prosecution of this action, and they are therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage)**

**Plaintiff Sean K. Claggett & Associates, LLC d/b/a Claggett & Sykes Law Firm Against Defendant Don C. Keenan; Defendant D.C. Keenan & Associates P.A. d/b/a Keenan Law Firm; Defendant Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute or The Keenan Edge; Defendant Brian F. Davis; Defendant Davis Law Group, P.A.; and Defendant Travis E. Shetler**

192.    Plaintiffs repeat and reallege the allegations as contained in the preceding paragraphs herein and incorporate the same herein by reference.

193.    There existed an ongoing and prospective contractual relationship between Plaintiff and the Las Vegas personal injury plaintiff related to Plaintiff's representation of that plaintiff in a lawsuit in Clark County, Nevada, by which Plaintiff would be paid for its services through either a contingency fee arrangement or, alternatively, an hourly rate based on hours worked or, alternatively, quantum meruit.

194.    Defendant Davis had knowledge of this ongoing and prospective contractual relationship between Plaintiff and the Las Vegas personal injury plaintiff because he referred the client to Plaintiff, was co-counsel on the case, and executed a Joint Representation and Fee-Split Agreement that specifically incorporated by reference the Claggett & Sykes Contingency Fee Agreement with the client. Upon information and belief, the remaining Defendants also had knowledge of the prospective contractual relationship

between Plaintiff and the Las Vegas personal injury plaintiff or had reason to know of its existence.

195.    Upon information and belief, Defendants, and each of them, committed intentional acts intended or designed to disrupt the prospective contractual relationship. Specifically, upon information and belief, Defendant Keenan asked or told Defendant Davis to have Plaintiff's representation of the client terminated. Upon further information and belief, Defendant Davis convinced the client, upon false pretenses, to terminate the attorney client relationship with Plaintiff.

196.    Upon information and belief, due to Defendants' wrongful and unjustified conduct, the client did in fact terminate the relationship with Plaintiff, thus disrupting the ongoing and prospective contractual relationship.

197.    Upon information and belief, due to Defendants' wrongful and unjustified conduct, the client then retained Defendant Shetler as his new Las Vegas counsel.

198.    Defendants' wrongful conduct was unjustified and wholly unprivileged.

199.    As a result of Defendants' wrongful and unjustified conduct, Plaintiff was harmed and denied fees and remuneration it otherwise would have been entitled to within its ongoing and prospective contractual relationship with the client.

200.    Upon information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan's Kids Foundation and was in the course and scope of his employment with Keenan's Kids Foundation at the time of his aforementioned actions.

201.    Defendant Keenan's Kids Foundation is vicariously liable for Defendant Keenan's actions and for any and all damages flowing therefrom.

202.    Upon further information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan Law Firm and was in the course and scope of his employment with Keenan Law Firm at the time of his aforementioned actions.

203.    Defendant Keenan Law Firm is vicariously liable for Defendant Keenan's actions and for any and all damages flowing therefrom.

204.    Upon further information and belief, at the time of his actions alleged above, Defendant Davis was an Officer, Director, and/or employee of Defendant Davis Law Group and was in the course and scope of his employment with Defendant Davis Law Group at the time of his aforementioned actions.

205.    Defendant Davis Law Group is vicariously liable for Defendant Davis's actions and for any and all damages flowing therefrom.

206.    Defendants' intentional interference is an actual and proximate or legal cause of Plaintiff's injuries. Plaintiff suffered general damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages caused by the conduct of Defendant Keenan. Defendant Davis Law Group is vicariously liable for any such damages caused by the conduct of Defendant Davis.

207.    As a further actual and proximate or legal result of Defendants' intentional interference, Plaintiff has suffered special damages and/or will continue to suffer special damages into the future. The exact amount of such past and future damages is unknown at this present time, but Plaintiff alleges that he has suffered and/or will suffer special damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation

1    and Defendant Keenan Law Firm are vicariously liable for any such damages caused by the

2    conduct of Defendant Keenan. Defendant Davis Law Group is vicariously liable for any

3    such damages caused by the conduct of Defendant Davis.

4        208.   Defendant Keenan's actions in intentionally interfering with Plaintiff's

5    ongoing and prospective contractual relations were undertaken knowingly, wantonly,

6    willfully and maliciously.

7        209.   Defendant Keenan's conduct was despicable and so contemptible that it

8    would be looked down upon and despised by ordinary decent people and was carried on by

9    Defendant Keena with willful and conscious disregard for the rights of Plaintiff.

10       210.   Defendant Keenan's outrageous and unconscionable conduct warrants an

11   award of exemplary and punitive damages pursuant to NRS 42.005, in an amount

12   appropriate to punish and make an example of Defendant, and to deter similar conduct in the

13   future.

14       211.   Defendant Davis's actions in intentionally interfering with Plaintiff's ongoing

15   and prospective contractual relations were undertaken knowingly, wantonly, willfully and

16   maliciously.

17       212.   Defendant Davis's conduct was despicable and so contemptible that it would

18   be looked down upon and despised by ordinary decent people and was carried on by

19   Defendant Davis with willful and conscious disregard for the rights of Plaintiff.

20       213.   Defendant Davis's outrageous and unconscionable conduct warrants an

21   award of exemplary and punitive damages pursuant to NRS 42.005, in an amount

22   appropriate to punish and make an example of Defendant, and to deter similar conduct in the

23   future.

24

214.    Defendant Shetler's actions in intentionally interfering with Plaintiff's ongoing and prospective contractual relations were undertaken knowingly, wantonly, willfully and maliciously.

215.    Defendant Shetler's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Shetler with willful and conscious disregard for the rights of Plaintiff.

216.    Defendant Shetler's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

217.    Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan's Kids Foundation, and expressly authorized or ratified the wrongful acts of Defendant Keenan. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan's Kids Foundation.

218.    Pursuant to NRS 42.007, Defendant Keenan's Kids Foundation is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan.

219.    Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan Law Firm, and expressly authorized or ratified the wrongful acts of Defendant Keenan. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan Law Firm

220.    Pursuant to NRS 42.007, Defendant Keenan Law Firm is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan.

221.    Upon information and belief, Defendant Davis is an officer, director, or managing agent of Defendant Davis Law Group, and expressly authorized or ratified the wrongful acts of Defendant Davis. Upon information and belief, Defendant Davis was expressly authorized to direct or ratify this conduct on behalf of Defendant Davis Law Group.

222.    Pursuant to NRS 42.007, Defendant Davis Law Group is vicariously liable for punitive damages for the wrongful acts of Defendant Davis.

223.    The actions of Defendants have forced Plaintiffs to retain counsel to represent them in the prosecution of this action, and they are therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

### (Civil Conspiracy)

**Plaintiff Sean K. Claggett & Associates, LLC d/b/a Claggett & Sykes Law Firm Against Defendant Don C. Keenan; Defendant D.C. Keenan & Associates P.A. d/b/a Keenan Law Firm; Defendant Keenan's Kids Foundation, Inc. d/b/a Keenan Trial Institute or The Keenan Edge; Defendant Brian F. Davis; and Defendant Travis E. Shetler**

224.    Plaintiffs repeat and reallege the allegations as contained in the preceding paragraphs herein and incorporates the same herein by reference.

225.    Defendant Keenan, Defendant Davis, and Defendant Shetler, intended to accomplish an unlawful objective together with the purpose of harming Plaintiff. Specifically, these Defendants acted with the objective of intentionally interfering with Plaintiff's contractual relations and prospective contractual relations by causing Plaintiff's

client to terminate Plaintiff's representation in furtherance of Defendant Keenan's grudge against Plaintiff.

226.    The association of these Defendants acted by a concert of action with either an agreement, understanding, or meeting of the minds regarding the objective of harming Plaintiff.

227.    Upon information and belief, Defendants conspired with each other to unlawfully interfere with Plaintiff's contract and/or prospective contractual relationship with its client so as to cause Plaintiff's client to terminate Plaintiff's representation and to replace Plaintiff with Defendant Shetler.

228.    Upon information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan's Kids Foundation and was in the course and scope of his employment with Keenan's Kids Foundation at the time of his aforementioned actions.

229.    Defendant Keenan's Kids Foundation is vicariously liable for Defendant Keenan's actions and for any and all damages flowing therefrom.

230.    Upon further information and belief, at the time of his actions alleged above, Defendant Keenan was a Director of and the Owner, Chief Executive Officer, President, Chief Financial Officer, and Secretary of Defendant Keenan Law Firm and was in the course and scope of his employment with Keenan Law Firm at the time of his aforementioned actions.

231.    Defendant Keenan Law Firm is vicariously liable for Defendant Keenan's actions and for any and all damages flowing therefrom.

232.    Upon further information and belief, at the time of his actions alleged above, Defendant Davis was an Officer, Director, and/or employee of Defendant Davis Law Group and was in the course and scope of his employment with Defendant Davis Law Group at the time of his aforementioned actions.

233.    Defendant Davis Law Group is vicariously liable for Defendant Davis's actions and for any and all damages flowing therefrom.

234.    Defendants' actions in conspiring to intentionally interfere with Plaintiff's contractual relations and prospective contractual relations is an actual and proximate or legal cause of Plaintiff's injuries. Plaintiff suffered general damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages caused by the conduct of Defendant Keenan. Defendant Davis Law Group is vicariously liable for any such damages caused by the conduct of Defendant Davis.

235.    As a further actual and proximate or legal result of Defendants' actions in conspiring to intentionally interfere with Plaintiff's contractual relations and prospective contractual relations, Plaintiff has suffered special damages and/or will continue to suffer special damages into the future. The exact amount of such past and future damages is unknown at this present time, but Plaintiff alleges that he has suffered and/or will suffer special damages in excess of Fifteen Thousand Dollars ($15,000.00). Defendant Keenan's Kids Foundation and Defendant Keenan Law Firm are vicariously liable for any such damages caused by the conduct of Defendant Keenan. Defendant Davis Law Group is vicariously liable for any such damages caused by the conduct of Defendant Davis.

236.   Defendant Keenan's actions in conspiring to intentionally interfere with Plaintiff's contractual relations and prospective contractual relations were undertaken knowingly, wantonly, willfully and maliciously.

237.   Defendant Keenan's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Keena with willful and conscious disregard for the rights of Plaintiff.

238.   Defendant Keenan's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

239.   Defendant Davis's actions in conspiring to intentionally interfere with Plaintiff's contractual relations and prospective contractual relations were undertaken knowingly, wantonly, willfully and maliciously.

240.   Defendant Davis's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Davis with willful and conscious disregard for the rights of Plaintiff.

241.   Defendant Davis's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

242.   Defendant Shetler's actions in conspiring to intentionally interfere with Plaintiff's contractual relations and prospective contractual relations were undertaken knowingly, wantonly, willfully and maliciously.

243.    Defendant Shetler's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant Shetler with willful and conscious disregard for the rights of Plaintiff.

244.    Defendant Shetler's outrageous and unconscionable conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

245.    Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan's Kids Foundation, and expressly authorized or ratified the wrongful acts of Defendant Keenan. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan's Kids Foundation.

246.    Pursuant to NRS 42.007, Defendant Keenan's Kids Foundation is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan.

247.    Upon information and belief, Defendant Keenan is an officer, director, or managing agent of Defendant Keenan Law Firm, and expressly authorized or ratified the wrongful acts of Defendant Keenan. Upon information and belief, Defendant Keenan was expressly authorized to direct or ratify this conduct on behalf of Defendant Keenan Law Firm.

248.    Pursuant to NRS 42.007, Defendant Keenan Law Firm is vicariously liable for punitive damages for the wrongful acts of Defendant Keenan.

249.    Upon information and belief, Defendant Davis is an officer, director, or managing agent of Defendant Davis Law Group, and expressly authorized or ratified the wrongful acts of Defendant Davis. Upon information and belief, Defendant Davis was

1    expressly authorized to direct or ratify this conduct on behalf of Defendant Davis Law

2    Group.

3         250.    Pursuant to NRS 42.007, Defendant Davis Law Group is vicariously liable

4    for punitive damages for the wrongful acts of Defendant Davis.

5         251.    The actions of Defendants have forced Plaintiffs to retain counsel to represent

6    them in the prosecution of this action, and they are therefore entitled to an award of a

7    reasonable amount as attorney's fees and costs of suit.

8                        **SEVENTH CLAIM FOR RELIEF**

9         **(Declaratory Relief - Reverse Piercing the Corporate Veil/Alter Ego)**

     **Plaintiff Sean K. Claggett & Associates, LLC d/b/a Claggett & Sykes Law Firm and**
10
     **Plaintiff Sean Claggett Against Defendant Don C. Keenan; Defendant D.C. Keenan &**
11
     **Associates P.A. d/b/a Keenan Law Firm; and Defendant Keenan's Kids Foundation,**
12
                **Inc. d/b/a Keenan Trial Institute or The Keenan Edge**
13
          252.    Plaintiffs repeat and reallege the allegations as contained in the preceding
14
     paragraphs herein and incorporates the same herein by reference.
15
          253.    Upon information and belief Defendant Keenan owns, controls, governs, and
16
     influences Keenan Law Firm.
17
          254.    Upon information and belief, there is such unity of interest between
18
     Defendant Keenan and Keenan Law Firm that Keenan Law Firm could not operate separate
19
     and apart from Defendant Keenan and is effectively inseparable from Keenan.
20
          255.    Adherence to the fiction of separation between Defendant Keenan and
21
     Keenan Law Firm would sanction a fraud or injustice upon the public, the Court, and/or
22
     Plaintiffs.
23

24

256.    Upon information and belief Defendant Keenan owns, controls, governs, and influences Keenan's Kids Foundation.

257.    Upon information and belief, there is such unity of interest between Defendant Keenan and Keenan's Kids Foundation that Keenan's Kids Foundation could not operate separate and apart from Keenan and is effectively inseparable from Keenan.

258.    Adherence to the fiction of separation between Defendant Keenan and Keenan's Kids Foundation would sanction a fraud or injustice upon the public, the Court, and/or Plaintiffs.

259.    A justiciable controversy exists as to the unity of interest between Defendant Keenan and Keenan's Kids Foundation.

260.    Plaintiff seeks declaratory relief from the Court in the form of a declaration that Defendant Keenan is the alter ego of Defendant Keenan's Kids Foundation, Inc.

261.    Plaintiff also seeks declaratory relief from the Court in the form of a declaration that Defendant Keenan is the alter ego of Defendant D.C. Keenan & Associates, P.A.

262.    The actions of Defendant have forced Plaintiff to retain counsel to represent them in the prosecution of this action, and they are therefore entitled to an award of a reasonable sum as attorney's fees and costs of suit.

WHEREFORE, Plaintiffs, SEAN K. CLAGGETT & ASSOCIATES, LLC d/b/a CLAGGETT & SYKES LAW FIRM and SEAN CLAGGETT, expressly reserving their right to amend this Complaint at the time of trial, to include all items of damage not yet ascertained, demands judgment against Defendants, DON C. KEENAN; D.C. KEENAN & ASSOCIATES, P.A. d/b/a KEENAN LAW FIRM; KEENAN'S KIDS FOUNDATION, INC. d/b/a KEENAN TRIAL INSTITUTE and/or THE KEENAN EDGE; BRIAN F.

DAVIS; DAVIS LAW GROUP, P.A.; DAVID J. HOEY; TRAVIS E. SHETLER;

WILLIAM ENTREKIN; DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,

and each of the defendants as follows:

1.    For general damages in excess of Fifteen Thousand Dollars ($15,000.00), to be set forth and proven at the time of trial;

2.    For special damages in excess of Fifteen Thousand Dollars ($15,000.00), to be set forth and proven at the time of trial;

3.    For exemplary and punitive damages in excess of Fifteen Thousand Dollars ($15,000.00), to be set forth and proven at the time of trial;

4.    For declaratory relief;

5.    For reasonable attorney's fees;

6.    For costs of suit incurred;

7.    For a jury trial on all issues so triable; and

8.    For such other relief as to the Court seems just and proper.

DATED this 12th day of January 2022.

*/s/ Jared B. Anderson*

_____
JARED B. ANDERSON, ESQ. (SBN: 9747)
DAVID J. CHURCHILL, ESQ. (SBN:7308)
**INJURY LAWYERS OF NEVADA**
4001 Meadows Lane
Las Vegas, Nevada 89107
*Attorneys for Plaintiffs*