JAMES J. PISANELLI (Bar No. 4027)
JJP@pisanellibice.com
DEBRA L. SPINELLI (Bar No. 9695)
DLS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

JOHN M. BOWLER (*Pro Hac Vice Forthcoming*)
john.bowler@troutman.com
LINDSAY MITCHELL HENNER (*Pro Hac Vice Forthcoming*)
lindsay.henner@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, N.E., Ste. 3000
Atlanta, GA 30308
Telephone: (404) 885-3190/Facsimile: (404) 962-6513

*Attorneys for Defendants Keenan's Kids
and Foundation, Inc. and David J. Hoey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN K. CLAGGETT & ASSOCIATES, LLC DBA CLAGGETT & SYKES LAW FIRM, A NEVADA LIMITED LIABILITY COMPANY; SEAN CLAGGETT, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>DON C. KEENAN, AN INDIVIDUAL; D.C. KEENAN & ASSOCIATES, P.A. D/B/A KEENAN LAW FIRM, A GEORGIA PROFESSIONAL ASSOCIATION; KEENAN'S KIDS FOUNDATION, INC., D/B/A KEENAN TRIAL INSTITUTE AND/OR THE KEENAN EDGE, A GEORGIA NON-PROFIT CORPORATION; BRIAN F. DAVIS, AN INDIVIDUAL; DAVIS LAW GROUP, P.A., A NORTH CAROLINA PROFESSIONAL ASSOCIATION; DAVID J. HOEY, AN INDIVIDUAL; TRAVIS E. SHELTER, AN INDIVIDUAL; WILLIAM ENTREKIN, AN INDIVIDUAL; DOES I-X; AND ROE BUSINESS ENTITIES XI-XX, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:21-cv-02237-GMN-DJA<br><br>**DECLARATION OF DAVID J. HOEY** |

-1-

I, DAVID J. HOEY, hereby state and declare as follows:

1. My name is David J. Hoey. I am one of the named defendants in this action. I am over the age of 18, suffering from no legal disabilities, and fully competent to give this declaration.

2. I have personal knowledge of the facts set out in this declaration, which I submit on my own behalf in support of the Motion to Dismiss filed by me and co-defendants Don C. Keenan; D.C. Keenan & Associates, P.A. d/b/a Keenan Law Firm ("Keenan Law Firm"); Keenan's Kids Foundation, Inc., d/b/a Keenan Trial Institute and/or The Keenan's Edge ("Keenan's Kids Foundation"); and William Entrekin.

3. I am a trial lawyer and am, at all times relevant to the Amended Complaint in this matter, a citizen and resident of and domiciled in Middlesex County, Massachusetts.

4. On November 1, 1997, I founded the Law Offices of David J. Hoey, PC ("Hoey Law"), incorporated in February 2002, whose office is located at 352 Park Street, Suite 105, North Reading, Massachusetts 01864, approximately twenty miles north of Boston.

5. My law practice traditionally has focused on victims of nursing home and long term care facility abuse and neglect.

6. I have been admitted to the State Bars of Massachusetts, Vermont (inactive since COVID), New Hampshire (inactive since COVID), and have appeared pro hac in Ohio, Connecticut, and New York. I have never been licensed to practice law in Nevada by regular or pro hac vice admission, and I have never had a client or court case in Nevada.

7. Over the course of my lifetime, I have only been to the state of Nevada three times. I visited Nevada in the 1980s upon graduation from college as part of a vacation trip to the West Coast. Decades later, I attended a seminar sponsored by the National College of Advocacy on Nursing Home Litigation in March 2000. And, years later, I spoke for a couple of hours at a seminar in Las Vegas on behalf of the American Association for Justice Nursing Home Litigation Group, and stayed overnight, on September 27-28, 2007. None of my few sporadic trips to Nevada related to or give rise to the plaintiffs' claims against me in the instant lawsuit.

8. In October 2020, I began the process of transitioning and broadening my areas of legal practice and litigation from Hoey Law to the Keenan Law Firm, which is a co-defendant in this lawsuit. Keenan Law Firm is a Florida professional association having offices located at 148 Nassau Street NW, Atlanta, Georgia 30303 and at 174 Watercolor Way, Suite 103, Box 339, Santa Rosa Beach, Florida 32459.

9. Co-defendant Keenan's Kids Foundation is a Georgia non-profit corporation which co-defendant Don C. Keenan started in 1993 and that has a principal place of business at 148 Nassau Street, NW, Atlanta, Georgia 30303.

10. Keenan's Kids Foundation is dedicated to the education of the general public, law students, and practicing lawyers so they are more aware of the needs of children at -risk in the legal system. The Foundation's mission is three-fold, focusing on: Charity, Community Awareness, and Child Advocacy.

11. Keenan's Kids Foundation is the owner of intellectual property exclusively used by the Keenan Trial Institute, which offers a world-class educational curriculum instructing lawyers on how to win their trials, protect our community safety and deter wrongdoers by holding them accountable, through teaching confidential and proprietary techniques.

12. I started with the Keenan Trial Institute (then called the Keenan Ball Trial College) in or around 2012 and have served as Dean of Students of the Institute since then in a non-compensated position.

13. I have never participated or otherwise been involved with any presentation or seminar of Keenan Trial Institute occurring in the state of Nevada.

14. On December 3, 2021, service of the Nevada action was first attempted at my place of residence at 7:30 AM. It startled my wife who was sleeping and upset her. I was at my office just two miles from my residence. On December 4, 2021, the Process Server served the Nevada action at 8:00 AM to me personally. When I asked the Process Server why he didn't serve me at my office he said "I was instructed to serve you at your house only."

15. I understand that an Amended Complaint was filed in the Nevada action on January 12, 2022.

16. The Amended Complaint in the Nevada action alleges that, on April 27, 2020, co-defendant William Entrekin (who is Director of Operations at the Keenan Law Firm) sent an email by me, allegedly directed by co-defendant Mr. Keenan, to lawyers across the country (the "April 27 Email"). All of the allegations against me in the Nevada Amended Complaint concern and arise out my role and capacity as Dean of the Keenan Trial Institute.

17. The Nevada Amended Complaint fails to mention the relationship of the prior Georgia trade secret litigation against plaintiff Sean S. Claggett to the instant Nevada action; or the circumstances surrounding the Foundation's voluntary dismissal of the Georgia action without prejudice; or Mr. Claggett's production of the April 27 Email in discovery in the prior Georgia action; or his failure to timely raise declaratory judgment counterclaims in the Georgia action over the April 27 Email.

18. My collaboration and activities with respect to the April 27 Email all occurred from the state of Massachusetts, not Nevada. The April 27 Email allegedly gives rise to the First, Second, and Third Counts of the Amended Complaint which are the only counts of the Nevada action that name me as an individual defendant.

19. A few weeks after the foregoing email, on May 15, 2020, Claggett alleges one of his clients terminated their attorney-client relationship on the basis of the allegations by Keenan's Kids Foundation against Claggett therein. [Am. Compl. at ¶ 69].

20. However, I am not named as an individual defendant on the Fourth, Fifth, Sixth and Seventh Counts of the Amended Complaint (for intentional interference, conspiracy, and veil piercing) which allegedly arise from the purported termination of that attorney-client relationship. I am unfamiliar with that attorney-client relationship.

21. Sending the April 27 Email to the listserv distribution list, which comprises only the instructors and students for Keenan Trial Institute, was important. Although Mr. Keenan founded Keenan Trial Institute and I serve as its Dean, Mr. Keenan has always made clear to me and others that the Institute is "theirs" (the instructors and students), nor ours. Indeed, the individuals on the distribution list had a significant interest in and a right to know about the judicial proceedings brought against Claggett in Georgia involving the confidential intellectual

property of Keenan's Kids Foundation and the Institute, and the April 27 Email was sent in good faith and in furtherance of and directly related to the Georgia action. There is nothing false or untrue contained in the April 27 Email, nor does Claggett allege any falsity or untruth about the April 27 Email in his Nevada Amended Complaint.

22. As alleged in Claggett's Amended Complaint, the April 27 Email was not sent broadly to the public, but instead only to a closed environment of state Edge listservs of the Keenan Trial Institute (not uniquely to the Nevada listserv), was sent after the filing of the Georgia action, and the allegedly defamatory matter concerned, and was pertinent to the Georgia action. [Am. Compl. at ¶¶ 53-54]

23. The Nevada Amended Complaint alleges that the April 27 Email stated that Claggett had been hosting seminars revealing protected information that he received from Defendant Keenan Law Firm and while serving as an instructor for Keenan's Kids Trial College;

    a. a lawsuit had been filed in Georgia as a result;

    b. Claggett's misconduct continued after the Georgia action was filed;

    c. Claggett's teachings were incorrect; and

    d. Claggett failed to properly protect the substance of the teachings from harmful dissemination. [Compl. at ¶ 55].

24. I have never lived or worked in or engaged in any persistent course of conduct in Nevada.

25. I have never owned, leased, or otherwise occupied any real property in Nevada.

26. I have never had any personal property located in Nevada.

27. I have never maintained any offices, other facilities, or agents, or had any employees in the state of Nevada.

28. I have never served as an agent or had a registered agent for service of process in the state of Nevada.

29. I have never had a bank account in Nevada. Nor have I ever filed any financing statements, borrowed any money, or maintained any banking relationship in Nevada.

30. I have never had a telephone listing or mailing address in Nevada.

31. I have never incurred or paid any taxes in Nevada; nor have I ever filed any tax return in Nevada.

32. I have no employees or independent contractors in Nevada.

33. I have never advertised in the state of Nevada.

34. The Law Offices of David J. Hoey, P.C. maintains a website located at https://www.hoeylaw.com. Although the website can be viewed anywhere, including Nevada, contracts for legal services cannot be consummated through the website; and as I stated above, I am not licensed to practice law in Nevada and have never had a client or case in Nevada. Rather, the website is a passive website making information about Hoey Law available for browsing and provides contact information on where to find the law firm and to send us an email. We have never received a case lead, referral or inquiry from our website from Nevada.

35. Except for the instant Nevada case, I have never been a party to litigation in any state or federal court in Nevada.

36. I have never committed any torts or other wrongdoing in whole in in part in Nevada. Nor does plaintiff Claggett in his Amended Complaint allege any tortious acts or other wrongdoing by me in Nevada.

37. Individuals who may serve as witnesses for me on which I may rely to support my defenses or claims include me, Mr. Keenan, William Entrekin, and Mindy Bish, among others, all who located in Georgia, Florida, or Massachusetts, outside the state of Nevada. Additionally, the documents relevant to this litigation are located in Georgia and Florida.

38. I would be significantly inconvenienced to have to defend this action nearly 3,000 miles from my home base. It would be much easier for me to litigate this matter in the Northern District of Georgia (Atlanta Division) where the original litigation against Keenan was brought; and where the Keenan Law Firm for whom I work and Keenan's Kids Foundation have an office; and where witnesses and documents related to this litigation are located. Given my work for Keenan Law Firm and services on behalf of Keenan Trial Institute, both of which have

offices located in Atlanta, Georgia, I am amenable to and would accept service of plaintiffs' current claims against me in an action filed in Georgia.

I declare under penalty of perjury under the law of the state of Nevada that the foregoing is true and correct.

Executed on January 25, 2022 in Massachusetts.

By: _/s/ David J. Hoey_
David J. Hoey

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Pisanelli Bice PLLC and that on the 26th day of January, 2022, and pursuant to Fed. R. Civ. P. 5, a copy of the foregoing DECLARATION OF DAVID J. HOEY was served via the Court's electronic filing system to all parties registered for CM/ECF service.

                                                */s/ Kimberly Peets*
                                                An Employee of Pisanelli Bice PLLC