JAMES J. PISANELLI (Bar No. 4027)
JJP@pisanellibice.com
DEBRA L. SPINELLI (Bar No. 9695)
DLS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:  702.214.2100
Facsimile:   702.214.2101

JOHN M. BOWLER (*Pro Hac Vice Forthcoming*)
john.bowler@troutman.com
LINDSAY MITCHELL HENNER (*Pro Hac Vice Forthcoming*)
lindsay.henner@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, N.E., Ste. 3000
Atlanta, GA 30308
Telephone:  (404) 885-3190/Facsimile:  (404) 962-6513

*Attorneys for Defendants Keenan's Kids
Foundation, Inc., and David J. Hoey*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SEAN K. CLAGGETT & ASSOCIATES, LLC DBA CLAGGETT & SYKES LAW FIRM, A NEVADA LIMITED LIABILITY COMPANY; SEAN CLAGGETT, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>DON C. KEENAN, AN INDIVIDUAL; D.C. KEENAN & ASSOCIATES, P.A. D/B/A KEENAN LAW FIRM, A GEORGIA PROFESSIONAL ASSOCIATION; KEENAN'S KIDS FOUNDATION, INC., D/B/A KEENAN TRIAL INSTITUTE AND/OR THE KEENAN EDGE, A GEORGIA NON-PROFIT CORPORATION; BRIAN F. DAVIS, AN INDIVIDUAL; DAVIS LAW GROUP, P.A., A NORTH CAROLINA PROFESSIONAL ASSOCIATION; DAVID J. HOEY, AN INDIVIDUAL; TRAVIS E. SHELTER, AN INDIVIDUAL; WILLIAM ENTREKIN, AN INDIVIDUAL; DOES I-X; AND ROE BUSINESS ENTITIES XI-XX, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:21-cv-02237-GMN-DJA<br><br>**DECLARATION OF DON C. KEENAN** |

I, DON. C. KEENAN, hereby state and declare as follows:

1. My name is Don Keenan. I am one of the named defendants in this action. I am over the age of 18, suffering from no legal disabilities, and fully competent to give this declaration.

2. I have personal knowledge of the facts set out in this declaration, which I submit in support of the Motions to Dismiss filed by me and co-defendants D.C. Keenan & Associates, P.A. d/b/a Keenan Law Firm ("Keenan Law Firm"); Keenan's Kids Foundation, Inc., d/b/a Keenan Trial Institute and/or The Keenan's Edge ("Keenan's Kids Foundation"); David J. Hoey; and William Entrekin.

3. In particular, I offer this declaration on behalf of myself, the Keenan Law Firm, and Keenan's Kids Foundation.

4. I am a trial lawyer and head partner at co-defendant Keenan Law Firm, which I founded in 1975 under D.C. Keenan & Associates d/b/a Keenan Law Firm.

5. Keenan Law Firm is a Florida professional association having offices located at 148 Nassau Street NW, Atlanta, Georgia 30303 and at 174 Watercolor Way, Suite 103, Box 339, Santa Rosa Beach, Florida 32459.

6. For forty plus years, Keenan Law Firm has been dedicated to handling complex damages cases around the country involving catastrophic personal injury and claims of wrongful death arising out of automobile, medical negligence, products liability, hotel and apartment inadequacy security, railroad, and aviation claims.

7. I am an active member of the State Bar of Georgia.

8. Since the formation of Keenan Law Firm in 1981, I and the law firm have had court cases around the country, including in the state of Nevada.

9. I was admitted pro hac vice to the Nevada courts for a single case in approximately 2014, *Gill v. UPS et al.* which was tried to verdict in around 2018. The case was unrelated to and did not arise out of Claggett's claims in the instant lawsuit.

10. My and Keenan Law Firm's case work in Nevada account for only a very small fraction, less than 1 % of our overall legal representations and services over that time period.

11. Neither I nor the Keenan Law Firm have engaged in any persistent course of conduct in Nevada.

12. Co-defendant Keenan's Kids Foundation is a Georgia non-profit corporation with a principal place of business at 148 Nassau Street, NW, Atlanta, Georgia 30303.

13. I established Keenan's Kids Foundation in 1993 for the purposes of helping at-risk children through charity events, raising community awareness, and providing child advocacy services.

14. Keenan's Kids Foundation is dedicated to the education of the general public, law students, and practicing lawyers so they are more aware of the needs of children at-risk in the legal system. The Foundation's mission is three-fold, focusing on: Charity, Community Awareness, and Child Advocacy.

15. Keenan's Kids Foundation is the owner of intellectual property exclusively used by the Keenan Trial Institute, which offers a world-class educational curriculum instructing lawyers on how to win their trials, protect our community safety and deter wrongdoers by holding them accountable, through teaching confidential and proprietary techniques. Keenan Trial Institute has not been in Nevada for a seminar since the end of 2019 of which I was not physically present.

16. On April 21, 2020, Keenan's Kids Foundation filed a complaint in the Northern District of Georgia against Sean K. Claggett—the plaintiff in this Nevada action who from 2015 through his resignation in September 2018 taught various components of the Keenan Trial Institute curriculum owned by the Foundation—alleging that Claggett misappropriated various of Keenan's Kids Foundation trade secret voir dire techniques by using those techniques in Claggett's own voir dire seminars offered through third parties without authorization from Keenan's Kids. *Keenan's Kids Foundation, Inc. v. Sean Claggett*, Case No. 1:20-cv-01702-WMR (N.D. Ga.), Dkt. 1 (the "Georgia Action").

17. On May 18, 2020, Claggett filed a Motion to Dismiss the Georgia Action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1       18.     Keenan's Kids Foundation thereafter filed a First Amended Complaint on June 10, 2020, in lieu of a substantive response to Claggett's motion, asserting the same trade secret misappropriation claim along with some supplemental factual detail. [Georgia Action Dkt. 11].

        19.     On June 23, 2020, Claggett filed a motion to dismiss the First Amended Complaint [Georgia Action Dkt. 13], which the Northern District of Georgia Court denied on August 8, 2020 [Georgia Action Dkt. 22].

        20.     Claggett thereafter answered the First Amended Complaint in the Georgia Action on August 21, 2020, denying liability and asserting defenses. [Georgia Action Dkt. 23]. He did not assert any counterclaims against Keenan's Kids Foundation at that time or any other time. *Id*.

        21.     Five months later, on January 21, 2021, Keenan's Kids Foundation notified Claggett of its intention to file a motion for voluntary dismissal of the Georgia Action without prejudice, which Keenan's Kids Foundation did then file February 3, 2021 [Georgia Action Dkt. 37].

        22.     In support of its motion to voluntarily dismiss, Keenan's Kids Foundation contended that after the filing of the Georgia Action, Claggett had seemingly ceased incorporating objectionable content violative of Keenan's Kids Foundation trade secrets in his seminars, ceased using the Foundation's name and reputation in association with Claggett's teachings, and was not at the time offering objectionable content on his own or through a third party.

        23.     Keenan's Kids Foundation was therefore satisfied that the Georgia Action had achieved its intended effect, and in the interest of conserving resources and an efficient resolution of the Georgia Action, sought to voluntarily dismiss without prejudice to refile should Claggett's misconduct resume.

        24.     Claggett contested the motion for voluntary dismissal of the Georgia Action on the basis that he allegedly did not misappropriate any trade secrets of Keenan's Kids Foundation, had not changed his teaching techniques during the lawsuit, and would not do so in the future. [Georgia Action Dkt. 38 at 2 & n.1]. Claggett sought instead a dismissal *with* prejudice

1  conditioned on the payment of his attorney's fees under the Georgia Trade Secret Act and/or the
2  Defend Trade Secret Act. *Id.*

3  25.  The Northern District of Georgia then held an oral hearing on Keenan's Kids
4  Foundation's motion on April 27, 2021 at which Claggett did not appear but only through his
5  counsel. [Georgia Action Dkt. 43] A ruling was issued from the bench expressly allowing
6  Claggett ten days to amend his Answer in the Georgia Action to assert new counterclaims in
7  order to reach a merits judgment. [*Id.*] Claggett, however, did not file any counterclaims, and
8  the Georgia Action by Court order and Clerk's judgment was dismissed without prejudice on
9  May 28, 2021. [*Id.* at Dkt. 44 & 45]

10  26.  Five months later, on November 3, 2021, Claggett filed the instant suit in Nevada
11  state court (the "Nevada Action"). [Nevada Action Dkt. 1, Attach. 1, Ex. A & Compl.]
12  Claggett's initial Complaint in the Nevada Action did not mention the relationship of the prior
13  Georgia Action to this Nevada Action, or the circumstances surrounding Keenan's Kids
14  Foundation's voluntary dismissal without prejudice of the Georgia Action; or Claggett's failure
15  to timely raise declaratory judgment counterclaims I the Georgia action relating to the same
16  activities and conduct that now form the basis of the Nevada Action.

17  27.  Defendants noticed removal of the case to this Court on December 22, 2021.
18  [Nevada Action Dkt. 1]

19  28.  Defendants then moved to dismiss Claggett's initial Complaint on December 29,
20  2021. [Nevada Action Dkt. 8]. Rather than opposing dismissal, Claggett filed an Amended
21  Complaint on January 12, 2022. [Nevada Action Dkt. 12 ("Am. Compl.")]. Claggett's Amended
22  Complaint in the Nevada Action also does not mention the relationship of the prior Georgia
23  Action to this Nevada Action, or the circumstances surrounding Keenan's Kids Foundation's
24  voluntary dismissal without prejudice of the Georgia Action; or Claggett's failure to timely raise
25  declaratory judgment counterclaims I the Georgia action relating to the same activities and
26  conduct that now form the basis of the Nevada Action.

27  29.  Like the initial Complaint, the Amended Complaint in the Nevada Action alleges
28  as follows:

      a. Claggett was an instructor for Keenan's Kids Foundation Trial College and attended destination trainings on Keenan's Kids Foundation course material. [Am. Compl. at ¶¶ 33, 36]

      b. Claggett's relationship with Keenan's Kids Foundation ended in 2018, and he thereafter began teaching trial courses for third party Trojan Horse Method. [Am. Compl. at ¶¶ 38, 45-46, 48] One such course focused specifically on voir dire methods. [*Id.* at ¶ 50]

      c. Keenan's Kids Foundation then filed a lawsuit in the Northern District of Georgia against Claggett alleging misappropriation of those same voir dire methods from Keenan's Kids Foundation courses. [*Id.* at ¶ 52]

30. The Amended Complaint in the Nevada Action further alleges that, on April 27, 2020, co-defendant Entrekin sent an email authored by co-defendant Hoey, allegedly directed by me and sent to lawyers across the country (the "April 27 Email"). [*Id.* at ¶¶ 53-54]

31. Sending the April 27 Email to the listserv distribution list, which comprises the instructors and students for Keenan's Kids Trial College, was important, because although I am the founder of the College, I firmly believe the College is "theirs." Indeed, the individuals on the distribution list had a significant interest in and a right to know about the judicial proceedings brought against Claggett in Georgia involving the confidential intellectual property of Keenan's Kids Foundation and the College and the April 27 Email was sent in good faith and in furtherance of and directly related to the Georgia Action. There is nothing false or untrue contained in the April 27 Email.

32. The Nevada Amended Complaint alleges that the April 27 Email stated that Claggett had been hosting seminars revealing protected information that he received from Defendant Keenan Law Firm and while serving as an instructor for Keenan's Kids Trial College; noting

      a. a lawsuit had been filed in Georgia as a result;

      b. Claggett's misconduct continued after the Georgia Action was filed;

      c. Claggett's teachings were incorrect; and

-6-

      d.   Claggett failed to properly protect the substance of the teachings from harmful dissemination. [Am. Compl. at ¶ 55].

33. A few weeks after the foregoing email, on May 15, 2020, Claggett alleges one of his clients terminated their attorney-client relationship on the basis of the allegations by Keenan's Kids against Claggett therein. [Am. Compl. at ¶ 69].

34. As alleged in Claggett's Amended Complaint, the April 27 Email was sent to all of the state Reptile listservs (not uniquely to the Nevada listserv), was sent after the filing of the Georgia Action and the allegedly defamatory matter concerned, and was pertinent to the Georgia Action. [Am. Compl. at ¶¶ 53-54]

35. The substance of the Nevada Action arises from the same facts and controversy forming the basis of the Georgia Action.

36. In Keenan's Kids Foundation's First Amended Complaint in the Georgia Action [Georgia Action Dkt. 11], Keenan's Kids Foundation also alleges:

(i) Claggett was an instructor for KKF's Trial College and attended destination trainings on KKF course material [GA Doc. 11 ¶¶ 113, 14, 17, 61, 65];

(ii) Claggett's relationship with KKF ended in 2018, and he thereafter began teaching trial courses for third party Trojan Horse Method [*Id.* ¶¶ 15-16];

(iii) One such course focused specifically on voir dire methods [*Id.*];

(iv) Claggett's seminars revealed protected information he received from Keenan and while an instructor for KKF's Trial College [*Id.* ¶¶ 15, 49, 67, 75-80];

(v) Claggett failed to properly protect the substance of the teachings from harmful dissemination [*Id.* ¶¶ 75-81, 99-101, 122-23];

(vi) Claggett's misconduct occurred after repeated notice of ongoing confidentiality obligations [*Id.* ¶¶ 54, 68]; and

(vii) the lawsuit was filed in Georgia as a result of Claggett's misconduct [*Id.* at ¶ 49].

37. Keenan's Kids Foundation did not include the April 27 Email in its Georgia Action pleadings as Claggett has done in the Nevada Action, but the April 27 Email does not

contain new facts – it conveys the same facts that Keenan's Kids Foundation pleaded in the Georgia Action.

38. Claggett's Complaint in the Nevada Action confirms on its face that Claggett was in full possession of all of the facts alleged therein months before the filing of his Answer in the Georgia Action on August 21, 2020. He even produced two copies of the April 27 Email in discovery in the Georgia Action bearing his bates number SC000037-38 and SC000039-40 that were forwarded to him right after it was sent to the listserv. Yet, Claggett did not assert any counterclaims in the Georgia Action arising from the April 27 Email or otherwise.

39. Even when the Georgia court specifically granted a belated opportunity to Claggett to assert counterclaims in the Georgia Action and to continue to litigate the merit of Keenan's Kids Foundation's allegations now at issue in the Nevada Action, Claggett declined.

40. Neither I, the Keenan Law Firm, nor Keenan's Kids Foundation have ever been registered to conduct business in or had operations within the state of Nevada.

41. Neither I, the Keenan Law Firm, nor Keenan's Kids Foundation have ever engaged in any persistent course of conduct in Nevada.

42. Neither the Keenan Law Firm, nor Keenan's Kids Foundation has ever owned, leased, or otherwise occupied any real property in Nevada. Nor have I have ever owned or leased any real property in Nevada except the occasional hotel realty during my litigations in Nevada.

43. Neither I, the Keenan Law Firm, nor Keenan's Kids Foundation has any personal property in Nevada.

44. Neither I, the Keenan Law Firm, nor Keenan's Kids Foundation maintain or ever has maintained any offices, other facilities, or agents, or had any employees in the state of Nevada.

45. Neither I, the Keenan Law Firm, nor Keenan's Kids Foundation has a registered agent for service of process in the state of Nevada.

46. Neither I, the Keenan Law Firm, nor Keenan's Kids Foundation has ever had bank accounts in Nevada. Nor have I, Keenan Law Firm, or Keenan's Kids Foundation ever filed any financing statements, borrowed any money, or maintained any banking relationship in Nevada.

47. Neither I, Keenan Law Firm, nor Keenan's Kids Foundation have ever had any telephone listings or mailing addresses in Nevada.

48. Neither I, Keenan Law Firm, nor Keenan's Kids Foundation ever incurred or paid any taxes in Nevada; nor have we filed any tax return in Nevada.

49. Neither I, the Keenan Law Firm, nor Keenan's Kids Foundation have any employees or independent contractors in Nevada.

50. As Claggett acknowledges in his Nevada Complaint, neither I, the Keenan Law Firm, nor Keenan's Kids Foundation regularly purchase advertising in Nevada-based media or engage in any advertising specifically targeted toward Nevada, as he notes only a single ad for The Keenan Edge in May 2020 [Am. Compl. at ¶ 56]

51. Keenan Law Firm maintains a Web site located at https://www.keenanlawfirm.com/ which can be viewed anywhere, including Nevada, where individuals can request help with a case. However, contracts for legal services cannot be consummated through the website.

52. Keenan's Kids Foundation maintains a Web site located at https://www.keenanskidsfoundation.com/ which can be viewed anywhere. However, it is largely a passive website making information about the foundation available for browsing and allows interested viewers to contact and send an electronic message to the foundation.

53. Except for this case, neither I, Keenan Law Firm, or Keenan's Kids Foundation have ever been a party to litigation in any state or federal court in Nevada.

54. Neither I, Keenan Law Firm, nor Keenan's Kids Foundation has ever committed any torts or other wrongdoing in whole in in part in Nevada. Nor does plaintiff Claggett in his Complaint allege any tortious acts or other wrongdoing by me, Keenan Law Firm, nor Keenan's Kids Foundation in Nevada.

55. Keenan Law Firm, Keenan's Kids Foundation, their employees, and I do not maintain "continuous and substantial presence in the State of Nevada through the conduct of regular business, sales, services, marketing, and/or seminars / trainings in the State."

56. Individuals who may serve as witnesses for me, the Keenan Law Firm, and Keenan's Kids Foundation and documents on which we may rely to support our defenses or claims include me, David Hoey, William Entrekin, and Mindy Bish, among others, all who located in Massachusetts, Georgia, Florida, and elsewhere outside the state of Nevada. Additionally, the documents relevant to this litigation are located in Georgia and Florida.

57. I, Keenan Law Firm, and Keenan's Kids Foundation would be significantly inconvenienced to have to defend this action 2,000 miles from their home base. Due to health restrictions, I am currently and for the last year unable to travel. It would be much easier for me, Keenan Law Firm, and Keenan's Kids Foundation to litigate this matter in the Northern District of Georgia where our principal places of business, witnesses, and documents related to this litigation are located and where we are all subject to and would accept service of plaintiffs' current claims brought against us.

58. Claggett alleges in this case that I was part of a conspiracy with the other Defendants to have Plaintiffs Claggett & Sykes and Sean Claggett fired as counsel in a legal matter ("the Representation"). Claggett alleges that I intentionally interfered with the agreement between Claggett & Sykes and their client regarding the Representation.

59. Claggett specifically alleges that I was on a phone call with Defendant Travis Shetler "in an attempt to find new counsel to replace Claggett and Sykes." I was never on a phone call with Mr. Shetler at any time where we discussed the Representation together, or with another attorney, in an attempt to replace Claggett & Sykes as counsel.

60. I never made statements to suggest or encourage the firing of Claggett & Sykes, and I never took any steps to intentionally interfere with the alleged Representation. Nor did Mr. Shetler do so in my presence or to my knowledge.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed on January 26, 2022 in Santa Rosa Beach, Florida,

By: */s/ Don C. Keenan*
Don C. Keenan

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Pisanelli Bice PLLC and that on the 26th day of January, 2022, and pursuant to Fed. R. Civ. P. 5, a copy of the foregoing **DECLARATION OF DON C. KEENAN** was served via the Court's electronic filing system to the parties registered for CM/ECF service.

                */s/ Kimberly Peets*
An Employee of Pisanelli Bice PLLC