# EXHIBIT A

EXHIBIT A

4101 Meadows Lane, Suite 100 | Las Vegas, NV 89107



# MEDICAL MALPRACTICE CONTINGENCY FEE AGREEMENT

I  Logan JErne  (hereinafter "Client") hereby retain CLAGGETT & SYKES LAW FIRM, (hereinafter "The Firm") to prosecute a claim on behalf of ~~Sean Claggett W Sykes~~ against  Myself  Summerlin Hospital   and any person, entity or insurance company who may be liable for damages as a result of an incident occurring on the  26  day of  April , 2017  ("the Claim"), and agree as follows:

**ATTORNEY'S FEE shall be either:**
1. Thirty-Three and One-Third Percent (33 1/3%) of all amounts recovered for the Claim by settlement <u>before</u> the start of Litigation (Litigation starts with the filing of a complaint or a private arbitration proceeding);
2. Forty Percent (40%) of all amounts recovered for the Claim by settlement <u>after</u> the start of Litigation up until the first day of trial;
3. Forty-Five Percent (45%) of all amounts recovered for the Claim by settlement or judgment <u>after</u> the first day of trial through the jury verdict; or
4. Fifty Percent (50%) of all amounts recovered by settlement or judgment after a verdict is entered in the event a motion for either a new trial or to amend the judgment is filed, in the event of an appeal to an Appellate Court, or if a new trial is required.

The fee is calculated on the gross recovery before deducting costs, medical bills, or liens. Should litigation begin, and either a verdict is obtained in which Client is entitled to attorney fees, or if the client discharges The Firm, the Attorney's Fee shall be the greater of the above contingency fee or the Attorney's Hourly Rate whichever is greater. The Attorney Hourly Rates are as follows:

| | |
|---|---|
| Sean Claggett - | $750.00 per hour |
| Sam Harding - | $750.00 per hour |
| Jennifer Morales - | $750.00 per hour |
| William Sykes - | $750.00 per hour |
| Matthew Granda - | $650.00 per hour |
| Christian Augustin - | $400.00 per hour |
| Law Clerk - | $200.00 per hour |
| Paralegal - | $150.00 per hour |

Tel. 702.655.2346 | Fax 702.655.3763 | claggettlaw.com

**The "Claim" includes and applies to any amounts recovered from third parties, uninsured motorist coverage, underinsured motorist coverage, and/or medical payments coverage ("medpay").**

**NRS 7.095.** YOU HAVE BEEN GIVEN A COPY OF NRS 7.095, WHICH LIMITS FEES WHICH CAN BE CHARGED TO THE PARTY OF A MEDICAL MALPRACTICE CASE BY THEIR ATTORNEY. IN OUR OPINION, THIS STATUTE IS UNCONSTITUTIONAL, AS APPLIED TO THE U.S. CONSTITUTION, AS WELL AS THE STATE OF NEVADA CONSTITUTION. WE HAVE EXPLAINED TO YOU THAT WE WILL NOT REPRESENT YOU PURSUANT TO THE FEE LIMITATIONS OF NRS 7.095, AND THAT WE WILL ONLY REPRESENT YOU IN ACCORDANCE WITH THE FEES LISTED IN THIS MEDICAL MALPRACTICE CONTINGENCY FEE AGREEMENT. WE HAVE ADVISED YOU TO CONTACT AN ATTORNEY OF YOUR CHOICE REGARDING THIS ISSUE PRIOR TO SIGNING THIS AGREEMENT.

**ADVOCATES UNITED, LLC.** CLIENT ACKNOWLEDGES THAT HE/SHE IS RETAINING CLAGGETT & SYKES LAW FIRM AND IS NOT BEING REPRESENTED BY ADVOCATES UNITED, LLC, WHICH SHALL NOT PROVIDE ANY LEGAL SERVICES IN YOUR CASE.

**COSTS** advanced by the Firm are expenses necessary to prosecute the Claim and are to be deducted from the recovery **after** Attorney's fee. In the event there is **no recovery**, the Firm shall receive **no reimbursement for costs**. Cost include, but are not limited to: postage, facsimile, telephone, law clerk fees, photocopies, overnight mail fees, investigation expenses, photography and video expenses, evidence storage fees, messenger expenses, filing fees, service of process fees, bond fees, witness fees, expert fees, records fees, outside legal research and writing fees, internet data access fees, court reporter fees, travel expenses, arbitration fees, mediation fees, and jury fees. Additionally, Client agrees that the Firm may borrow funds from a lender to finance or pay such Court costs and litigation expenses and the interest charged by the lender on such borrowed funds will be added to the Court costs and litigation expenses to be deducted from the settlement or recovery.

All necessary costs and expenses incurred by the attorney in the investigation and litigation of client's case shall be deducted from client's portion of any and all sums collected or recovered after attorney's contingent fee is calculated as set forth above. Costs and expenses are defined as monies paid out by attorney on behalf of the client during the processing of client's claim. Client expressly acknowledges that costs include payments made to independent law clerks and nurses who perform research on behalf of

attorney. Client is not required to pay attorney the costs and expenses incurred if client does not collect or recover any monies by way of judgment. Client may be liable for the payment of the opponent attorney's fees and will be liable for the opponent's costs as required by law if the case is lost. The Client will be charged and the Attorney will be credited an automatic $250.00 file and document handling fee towards Costs.

Any and all medical expenses incurred by the Client are payable by the Client, and the Attorney may withhold and pay from any recovery the sums necessary for such payment. Any and all liens, created by statute or contract, and obtained on behalf of client, i.e., hospital, doctors, workers compensation, insurance, etc., shall be paid in full, or as required by law or agreement, from the client's portion of any and all sums collected or recovered after attorney's contingent fee is calculated as set forth above. Should client's portion of any and all sums collected or recovered by way of settlement or judgment be insufficient to satisfy any and all liens in full, client may be solely responsible for the payment of such liens.

**WITHDRAWAL AND DISCHARGE.** Withdrawal by the Firm may be made at any time for any reason upon written notice to the Client's last known address. The Firm's discharge by Client before settlement of the Claim shall be upon written notice to the Firm. Upon discharge of the Firm, Client shall immediately pay the Firm all costs advanced, and actual fees incurred for the work performed per hour, or the applicable contingency fee pursuant to the contingency fee structure on page 1 of this Contingency Fee Agreement, whichever is more. Upon withdrawal or discharge, the Firm may assert an attorney's lien on the Client's file and/or recovery to secure payment for the Firm's services, and Client hereby consents to said lien.

**OTHER COUNSEL** within the Firm, or outside counsel, may be associated or employed at the Firm's discretion to prosecute the Claim. The Firm will pay outside counsel's attorney fees out of its own attorney's fee.

**REFERRAL FEES** may be paid to other licensed attorneys and outside counsel. Client acknowledges and agrees that the Firm may, at its discretion, pay a portion of its attorney's fee to referring counsel, with the referring counsel receiving Twenty Percent (20%) of the Firm's attorney's fee in this matter, or less. These referral fees will be paid from the Firm's attorney's fee in this matter, and will not increase the total amount of attorney fees paid by the Client under this Agreement. **No referral fees can be paid to non-attorneys.**

**NO GUARANTEES** concerning success, value, or time to conclude the Claim can be made. The Firm cannot make any guarantees concerning the outcome of the Claim. **In**

the event of an unsuccessful lawsuit or litigation, Client may be liable for paying the opposing party's attorney's fees and costs.

**VALID CLAIM.** Client understands that a suit brought solely to harass or to coerce a settlement may result in liability for malicious prosecution or abuse of process. **Client warrants that this is a valid claim.**

**LOANS OR ADVANCES** to Client by the Firm cannot be made prior to settlement of Claim. **The Attorney strongly advises that the Client not obtain any prejudgment loans as an advance against the Client's claim.** Additionally, the Firm will not assist Client in obtaining any sort of prejudgment loans. Should Client desire the assistance of the Firm to assist in the preparation of documents for the purpose of obtaining a prejudgment loan, an hourly rate may be charged to the Client for all time spent on said work.

**SERVICES NOT COVERED BY THIS AGREEMENT.** If additional legal services are requested by the Client, whether related or unrelated Client's claim(s) stated herein, and Client requests Attorney to perform such services, additional fee arrangements must be made by Attorney and Client, in writing.

**SETTLEMENT** of the Claim will not be made without Client's consent, but Client agrees to accept a reasonable settlement offer or an offer of available insurance policy limits. Client also agrees, at the Firm's discretion, to a bench trial or mini-jury trial, or alternative dispute resolution (ADR), such as arbitration and mediation, to facilitate a timely resolution of the Claim.

**LIMITED POWER OF ATTORNEY** is expressly given by Client to the Firm to execute and/or sign Client's name and deposit into said Attorney's law firm IOLTA Trust Account any checks or drafts, and to execute any authorizations, drafts, releases and dismissals incidental to the Claim, and to sign and/or acknowledge all complaints, claims, settlements, election of award documents, compromises, order and any other documents as I could do myself.

**COOPERATION** by Client is essential. Client agrees to promptly provide the Firm with all requested information, give notice of change of address and submit medical bills to Client's insurance companies and pay medical expenses as they are incurred unless other arrangements are made with medical providers.

**BANKRUPTCY.** Client represents to Attorney that Client is not presently, nor do they contemplate filing for Bankruptcy protection; that they will inform Attorney should such a course of action be contemplated in the future. Client acknowledges that any recovery

obtained as a result of this claim are subject to such proceedings wherein they are to be scheduled as an asset by Client. Client understands that in the event of Client's bankruptcy, the Firm may be required to turn over Client's portion of the Claim recovery to the bankruptcy Trustee. Client further acknowledges that any expense which the attorney may incur to protect attorney's fees from said result shall be subtracted from the recovery that normally would flow to Client as his/her share of recovery.

**MEDICAL EXPENSES.** Any and all medical expenses incurred by Client are payable by the Client, and the Firm may withhold from any recovery the sums necessary for payment of such medical expenses. Client remains ultimately responsible to ensure that all medical bills are paid, as attorneys may be unaware of the existence of certain outstanding medical bills.

**SOCIAL MEDIA.** The Client agrees to discontinue any use of social media sites during the pendency of the claim. Continued use of social media sites during the pendency of this Claim can and probably will reduce the value of the Claim. Client accepts full responsibility for any and all damage caused by social media use to this Claim.

**CLIENT ADVOCATE.** The Firm employs a medical practitioner to serve in the role of Client Advocate. The Client Advocate will not provide any medical treatment to the Client and any medical information communicated between the Client and the Client Advocate is not to be considered medical advice or a plan for management of a medical condition. There is no doctor/patient relationship established between the Client and the Client Advocate and any information provided by the Client Advocate is not intended to replace advice given to you by any of your treating medical providers.

**FOCUS GROUPS.** The Client agrees to allow the Firm to conduct focus groups at various stages of the Claim, including, but not limited to, before filing a lawsuit, before trial, and during trial. Focus groups are vital to any case that proceeds to trial, and the Firm reserves the right to withdraw from representation if the Client does not allow the Firm to conduct focus groups. All costs incurred as a result of any focus groups will be paid by Client out of any recovery from the Claim. The Firm conducts focus groups through the services of Las Vegas Focus Groups, LLC d/b/a Paramount Focus Groups ("Paramount"). Paramount is solely owned by Sean K. Claggett. You have the right, and it is desirable for you, to seek the advice of independent legal counsel before the Firm conducts any focus groups on your Claim. You have 30 days from the date of signing this Retainer to advise the Firm if you do not want the Firm to conduct focus groups on your case. If you do not advise the Firm within 30 days, this Retainer shall act as your written consent to waive any conflicts that may exist with the Firm's use of Paramount and your written consent to the Firm's use of Paramount to conduct focus groups throughout the Claim.

I HAVE READ AND UNDERSTAND THE ABOVE AND ACCEPT ALL TERMS AND CONDITIONS AS STATED ABOVE.

DATED this __31__ day of __May__, 2017.

_____
Client's Signature

__Logan JErne__
Client's Name (Please Print)

## JOINT REPRESENTATION AND FEE-SPLIT AGREEMENT

1. This will confirm the terms of the association between Claggett & Sykes Law Firm ("Claggett & Sykes") and Davis Law Group, P.A. ("Davis Law Group"), on behalf of Logan Erne (the "Client"), with respect to the Client's claim(s) against Margaret Williams, LCPC, Marilyn Abel, CPC, Anthony Quinn, MD, Brandon Payzant, PAC, Harmony Healthcare, LLC, and Summerlin Hospital Medical Center (the "Claim").

2. This Agreement incorporates, by reference, the Claggett & Sykes Contingency Fee Agreement with the Client, and any fee agreement executed between the Client and Associated Counsel. In the event any conflict between the provisions of this Agreement and either of those fee agreements with the Client, the terms of the fee agreement with the Client shall prevail.

3. Claggett & Sykes will be responsible for the advancement of all necessary costs for this matter until such time as the matter is resolved or Claggett & Sykes withdraws from the matter.

4. Division of Labor among the law firms shall be as set forth in this Section 4:

   4.1 Claggett & Sykes shall act as trial counsel for the Claim. Claggett & Sykes shall be lead counsel with responsibility and authority to direct the handling of the Claim and to direct the assignment of tasks among the participating lawyers.

   4.2 Claggett & Sykes shall be ultimately responsible for Client contact, Client communications, providing status updates to the Client, and obtaining all information, signatures and documents from the Client, this includes, but is not limited to, responding to discovery requests, deposition preparation and scheduling, trial preparation scheduling, trial scheduling, and all scheduling requiring client input and/or participation.

   4.3 Claggett & Sykes shall ensure that all local rules are followed and complied with. Claggett & Sykes shall have the responsibility for researching applicable Nevada law and drafting of pleadings and briefing, with the assistance of Davis Law Group as needed.

   4.4 All oral arguments and trial will be conducted by Claggett & Sykes.

   4.5 Claggett & Sykes and Davis Law Group agree to pool their skills and knowledge, and to confer with each other as reasonable and necessary to competently represent the interests of the Client in this matter. Each firm shall act in compliance with all applicable law, regulation and ethical constraints. Each firm shall maintain its own professional liability coverage.

  4.6 Any tasks or responsibilities not specifically addressed in the Division of Labor section, above, shall be divided and handled in an equitable fashion among Claggett & Sykes and the Davis Law Group, within the context of the Division of Labor set forth above, and the fee-sharing provision set forth below.

  4.7 No publicity, press release, website posting or other public comment about the Claim shall be made without the prior approval of Claggett & Sykes.

  5. Claggett & Sykes shall receive 50% of all attorneys' fees, if any, in this matter. Davis Law Group shall receive 50% of all attorneys' fees, if any, in this matter. Claggett & Sykes will be reimbursed for all of its costs advanced in accordance with the Claggett & Sykes Contingency Fee Agreement. If Davis Law Group advances any costs towards this matter, even though they are not required to, they will be reimbursed by Claggett & Sykes.

  6. Withdrawal and Discharge of Counsel shall be as set forth in this Section 6:

  6.1 Claggett & Sykes is free to withdraw from the representation of the Clients for any reason permissible under the governing ethical or court rules. Upon withdrawal or termination of Claggett & Sykes representation, Claggett & Sykes shall be entitled to 50% of the applicable attorney's fee provided for in the Claggett & Sykes Contingency Fee Agreement, depending on the stage of the case, based on the most recent settlement offer made by the defense before withdrawal of Claggett & Sykes. Said fees are to be paid out of any settlement or judgment. Claggett & Sykes shall also be entitled to receive all of its advanced costs up to date of the withdrawal. Said costs are to be paid out of any settlement or judgment. If no offer was made before withdrawal, Claggett & Sykes shall be entitled to attorney's fees based upon work performed and the hourly rates stated in the Claggett & Sykes Contingency Fee Agreement, to be paid out of any settlement or judgment.

  6.2 Davis Law Group is free to withdraw from the representation of the Client upon thirty (30) days' notice to Claggett & Sykes and the Client, for any reason permissible under the governing ethical or court rules.

  6.3 Upon withdrawal or termination representation, Davis Law Group shall be entitled to 50% of the applicable fee provided for in the Claggett & Sykes Contingency Fee Agreement, depending on the stage of the case, based on the most recent settlement offer made by the defense before withdrawal of Associated Counsel. Said fees are to be paid out of any settlement or judgment. Davis Law Group shall also be entitled to full reimbursement of its advanced costs up to the date of withdrawal, if any. Said costs are to be paid out of any settlement or judgment. If no offer was made before withdrawal, the Davis Law Group shall be entitled to attorney's fees based upon work performed and the hourly rates stated here, to be paid out of any settlement or judgment:

Brian Davis    $____.00 per hour

Law Clerk              $____.00 per hour
Paralegal:             $____.00 per hour.

7. This engagement letter shall be interpreted and enforced in accordance with the laws of the State of Nevada without regard to choice of law provisions. The services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

8. Any dispute arising from, or related to, this engagement letter shall be submitted to binding arbitration in the State of Nevada. The prevailing party shall be entitled to recover its costs and attorney's fees in any such arbitration whether or not the litigation is prosecuted to judgment.

9. Claggett & Sykes and Davis Law Group each represent and warrant to the other firm that they have done such legal research and review as they deem necessary, and confirm to the other firm(s) that this Agreement complies with the laws and ethical rules of the firm's jurisdiction.

10. If Davis Law Group fails to perform in a matter satisfactory to Claggett & Sykes and/or the Client, Claggett & Sykes may terminate this Agreement effective immediately.

Agreed and Approved by:

CLAGGETT & SYKES LAW FIRM
By _____  8/28/18
Sean K. Claggett, Esq.        Date

DAVIS LAW GROUP
By _____  6·27·18
Brian Davis, Esq.             Date

CLIENT(S)
By _____ (sign)  8·7·2018

_____Logan Ernt_____ Print Name


By _____ (sign)

_____ Print Name