JAMES J. PISANELLI (Nevada Bar No. 4027)
JJP@pisanellibice.com
DEBRA L. SPINELLI (Nevada Bar No. 9695)
DLS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, NV 89101
Tel: (702) 214-2100

JOHN M. BOWLER (*Pro Hac Vice Application Pending*)
john.bowler@troutman.com
LINDSAY MITCHELL HENNER (*Pro Hac Vice Forthcoming*)
lindsay.henner@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, N.E., Ste. 3000
Atlanta, GA 30308
Telephone: (404) 885-3190/Facsimile: (404) 962-6513

*Attorneys for Defendants Keenan's Kids Foundation, Inc. and David J. Hoey*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SEAN K. CLAGGETT & ASSOCIATES, LLC DBA CLAGGETT & SYKES LAW FIRM, A NEVADA LIMITED LIABILITY COMPANY; SEAN CLAGGETT, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>DON C. KEENAN, AN INDIVIDUAL; D.C. KEENAN & ASSOCIATES, P.A. D/B/A KEENAN LAW FIRM, A GEORGIA PROFESSIONAL ASSOCIATION; KEENAN'S KIDS FOUNDATION, INC., D/B/A KEENAN TRIAL INSTITUTE AND/OR THE KEENAN EDGE, A GEORGIA NON-PROFIT CORPORATION; BRIAN F. DAVIS, AN INDIVIDUAL; DAVIS LAW GROUP, P.A., A NORTH CAROLINA PROFESSIONAL ASSOCIATION; DAVID J. HOEY, AN INDIVIDUAL; TRAVIS E. SHELTER, AN INDIVIDUAL; WILLIAM ENTREKIN, AN INDIVIDUAL; DOES I-X; AND ROE BUSINESS ENTITIES XI-XX, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:21-cv-02237-GMN-DJA<br><br>**DEFENDANTS KEENAN'S KIDS FOUNDATION, INC. AND DAVID J. HOEY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND; and JOINDER TO DEFENDANTS BRIAN F. DAVIS AND BRIAN F. DAVIS LAW GROUP, P.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |

Defendants Keenan's Kids Foundation, Inc. ("KKF") and David J. Hoey ("Hoey"), (together, "KKF and Hoey"), by and through counsel of record, submit this Opposition to Plaintiffs Sean K. Claggett & Associates LLC and Sean Claggett's (collectively "Claggett" or "Plaintiffs") Motion to Remand (Doc. 13) (the "Motion") and specifically join in co-Defendants Brian F. Davis and Brian F. Davis Law Group, P.A.'s Opposition to Plaintiffs' Motion to Remand filed concurrently herewith.

## I. INTRODUCTION

Plaintiffs fraudulently joined co-Defendant Travis Shetler for the sole purpose of defeating diversity jurisdiction. Mr. Shetler's citizenship should therefore be disregarded for purposes of assessing diversity under 28 U.S.C. § 1332. Plaintiffs have asserted claims against Mr. Shetler for intentional interference with contractual relations ("intentional interference"), intentional interference with prospective economic advantage ("prospective economic advantage"), and civil conspiracy. *See generally* Amended Complaint (Doc. 12). Plaintiffs' claims against Mr. Shetler are obviously frivolous and not actionable under Nevada law. Even after being challenged on that point with an opportunity to amend, Plaintiffs have not supplemented their allegations to plead sufficient facts to plausibly suggest their entitlement to relief against Mr. Shetler because Plaintiffs have no good-faith factual basis for their claims against Mr. Shetler. Accordingly for the reasons set forth herein and in Defendants Brian F. Davis and Davis Law Group, P.A's Opposition to Plaintiffs' Motion to Remand, which apply equally to KKF and Hoey and that KKF and Hoey specifically join in, this Court should disregard Mr. Shetler's citizenship and retain jurisdiction over this matter under § 1332.

## II. FACTUAL BACKGROUND

On April 21, 2020, Defendant KKF filed a complaint against Plaintiff Sean K. Claggett in the Northern District of Georgia alleging that Mr. Claggett misappropriated KKF's trade secret voir dire techniques by using those techniques in Mr. Claggett's own voir dire seminars without authorization. [GA Doc. 1.] On May 18, 2020, Mr. Claggett filed a motion to dismiss the Georgia Action. [GA Doc. 9.] KKF thereafter filed a First Amended Complaint on June 10, 2020, in lieu of a response to Mr. Claggett's motion, asserting the same trade secret

1

misappropriation claim along with supplemental factual detail. [GA Doc. 11.] On June 23, 2020, Mr. Claggett filed a motion to dismiss the First Amended Complaint [GA Doc. 13], which the Northern District of Georgia Court denied on August 8, 2020 [GA Doc. 22].

Mr. Claggett answered the First Amended Complaint in the Georgia Action on August 21, 2020, denying liability and asserting defenses. [GA Doc. 23.] Mr. Claggett did not assert any counterclaims against KKF. [*Id.*] Five months later, on February 3, 2021, KKF filed a motion for voluntary dismissal of the Georgia Action without prejudice. [GA Doc. 37.] In support of its motion to dismiss, KKF contended that after filing the lawsuit, Mr. Claggett had seemingly ceased incorporating objectionable content violative of KKF's trade secrets in his seminars, ceased using KKF's name and reputation in association with Mr. Claggett's teachings, was not at the time offering objectionable content on his own or through third party. KKF was therefore satisfied that the lawsuit had achieved its intended effect. [*Id.*]

Mr. Claggett contested the motion for voluntary dismissal on the basis that he did not misappropriate any trade secrets of KKF, had not changed his teaching techniques during the lawsuit, and would not do so in the future. [GA Doc. 38 at 2, n.1.] The Northern District of Georgia Court held a hearing on KKF's motion on April 27, 2021. [GA Doc. 43.] A ruling issued from the bench granting Mr. Claggett ten days to amend his Answer in the Georgia Action to assert new counterclaims in order to reach a merits judgment, or else KKF's motion to dismiss would be granted. [*Id.*] Mr. Claggett did not file any counterclaims, and the Georgia Action was dismissed without prejudice on May 28, 2021. [*See* GA Docs. 44, 45.]

On November 3, 2021, Mr. Claggett and his law firm Sean K. Claggett & Associates (collectively "Claggett") filed the instant suit in Nevada state court (the "Nevada Action"). [NV Doc. 1, Attach. 1, Ex. A & Complaint.] Defendants noticed removal of the case to this Court on December 22, 2021 [NV Doc. 1], and moved to dismiss the suit in its entirety [NV Doc. 8]. Rather than oppose the motions to dismiss, Claggett filed a substantially identical Amended Complaint ("Am. Compl.") on January 12, 2022. [NV Doc. 12] Like the original Complaint, the Amended Complaint in the Nevada Action alleges as follows: Mr. Claggett was an instructor for KKF's Trial College and attended destination trainings on KKF course material.

2

[Am. Compl. ¶¶ 33, 36.] Mr. Claggett's relationship with KKF ended in 2018, and he thereafter began teaching trial courses for third party Trojan Horse Method. [*Id.* ¶¶ 38, 45-46, 48.] One such course focused specifically on voir dire methods. [*Id.* ¶ 50.] KKF then filed a lawsuit against Mr. Claggett alleging misappropriation of those same voir dire methods from KKF courses. [*Id.* ¶ 52.] On April 27, 2020, Defendant Entrekin sent an email (the "April 27 Email") – allegedly at Defendant Keenan's direction – stating that:

(i) Claggett hosted seminars revealing protected information that he received from Defendant Keenan Law Firm and while an instructor for KKF's Trial College;
(ii) a lawsuit had been filed in Georgia as a result;
(iii) Claggett's misconduct continued after the Georgia Action was filed;
(iv) Claggett's teachings were incorrect; and
(v) Claggett failed to protect the teachings from harmful dissemination.

[Am. Compl. ¶ 55.] A few weeks later, on May 15, 2020, Claggett alleges a client terminated their attorney-client relationship with him due to KKF's allegations. [*Id.* ¶ 69.]

The substance of the Nevada Action arises from the same facts forming the basis of the Georgia Action. In KKF's First Amended Complaint in the Georgia Action, KKF *also* alleges:

(i) Claggett was an instructor for KKF's Trial College and attended destination trainings on KKF course material [GA Doc. 11 ¶¶ 113, 14, 17, 61, 65];
(ii) Claggett's relationship with KKF ended in 2018, and he thereafter began teaching trial courses for third party Trojan Horse Method [*Id.* ¶¶ 15-16];
(iii) One such course focused specifically on voir dire methods [*Id.*];
(iv) Claggett's seminars revealed protected information he received from Keenan and while an instructor for KKF's Trial College [*Id.* ¶¶ 15, 49, 67, 75-80];
(v) Claggett failed to properly protect the substance of the teachings from harmful dissemination [*Id.* ¶¶ 75-81, 99-101, 122-23];
(vi) Claggett's misconduct occurred after repeated notice of ongoing confidentiality obligations [*Id.* ¶¶ 54, 68]; and
(vii) the lawsuit was filed in Georgia as a result of Claggett's misconduct [*Id.* ¶ 49].

3

To the extent KKF's Complaint did not expressly allege that Claggett was KKF's methods improperly, Claggett himself pleads that the relationship with KKF had broken down due to his failure to strictly follow KKF's teachings. [*Id*. ¶¶ 38, 44]. KKF did not include Defendant Entrekin's April 27 Email in its Georgia Action pleadings as Claggett has done in the Nevada Action. But Defendant Entrekin's email does not contain new facts – it conveys the same facts that KKF pleaded in the Georgia Action. Likewise, Claggett's allegations in the Nevada Action regarding his termination following the Georgia Action and the April 27 Email are based on the same facts KKF pleaded in the Georgia Action.

Claggett's Amended Complaint in the Nevada Action confirms on its face that Claggett was in full possession of all of the facts alleged therein by May of 2020 [*id*. ¶ 69], months prior to the filing of his Answer in the Georgia Action on August 21, 2020. Yet, Claggett did not assert any counterclaims in the Georgia Action. Even when specifically granted a belated opportunity to assert counterclaims in the Georgia Action and continue to litigate the merit of KKF's allegations now at issue in the Nevada Action, Claggett declined. [*See* GA Docs. 43, 44.]

For these reasons, on January 26, 2002, Defendants KKF and Hoey renewed their Motion to Dismiss [Doc. 17] the Amended Complaint [Doc. 12] relying on the Declarations of David J. Hoey (Attachment # 1) and Don C. Keenan (Attachment # 2).  KKF and Hoey argued, *inter alia*, therein that:

(1)  Claggett's claims are barred under the Nevada Anti-SLAPP Statute being communications in furtherance of the right to petition and Claggett's claims have no probability of success as the April 27 Email is protected by litigation privilege;

(2)  that beyond privilege immunity, Claggett's claims should be dismissed for failure to state a claim because (i) Claggett fails to properly state a claim for defamation, defamation per se, or civil conspiracy to defame against KKF and Hoey; (ii) Claggett fails to properly state a claim for intentional interference or conspiracy to interfere against KKF and Hoey; and (iii) piercing the corporate veil is not a separate cause of action;

(3) Claggett's claims are barred for failure to plead them as compulsory counterclaims in the Georgia Action;

(4) Claggett's claims should be dismissed for lack of personal jurisdiction because there is no general jurisdiction over KKF and Hoey and there is no specific jurisdiction over KKF and Hoey; and

(5) in the alternative, venue should be transferred to the Northern District of Georgia, Atlanta Division because the Northern District of Georgia is an adequate, alternative forum that is available to the Plaintiff; the balance of private and public interest factors weigh in the favor of transferring the case to the Northern District of Georgia; and the Court may still transfer the case pursuant to 28 U.S.C. § 1406.

## III. LEGAL ARGUMENT

Defendants KKF and Hoey specifically join the Legal Argument, Sections A through D of co-Defendants Brian F. Davis and Davis Law Group, P.A's Opposition to Plaintiffs' Motion to Remand filed concurrently herewith, because the arguments made against remand by Defendants Brian F. Davis and Davis Law group apply equally to KKF and Hoey. Plaintiffs' fraudulently joined co-defendant Travis Shetler because their claims against him are obliviously frivolous and lack any factual basis. Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). *See* Defs.' Brian F. Davis and Davis Law Group, P.A.'s Opp'n to Pls.' Mot. To Remand at p. 6 (citing other cases).

In this case, Plaintiffs' claims against KKF and Hoey are obviously frivolous because even when the allegations in the Amended Complaint are assumed true, Plaintiffs have not pleaded an actual viable claim against KKF and Hoey, as set forth in their renewed Motion to Dismiss [Doc. 17]. In addition, Claggett's Amended Complaint in the Nevada Action also does not mention the relationship of the prior Georgia Action to this Nevada Action, or the circumstances surrounding Keenan's Kids Foundation's voluntary dismissal without prejudice of the Georgia Action; or Claggett's failure to timely raise declaratory judgment counterclaims

5

in the Georgia action relating to the same activities and conduct that now form the basis of the Nevada Action.

Furthermore, it is obvious that Plaintiffs lack any factual bases for their allegation that co-defendant Mr. Shetler performed any intentional acts that caused Logan Erne (the plaintiff in a medical malpractice lawsuit) to terminate Claggett & Sykes and Mr. Shetler's, Mr. Davis', and Don C. Keenan's respective declarations irrefutably reflect the frivolous nature of Plaintiffs' allegation. Plaintiffs allege in their Amended Complaint that co-Defendant Keenan on behalf of himself, KKF, and/or others was part of a conspiracy with the other defendants to have Plaintiffs fired as counsel in a legal matter involving Mr. Erne ("the Representation"). Plaintiffs further allege that Mr. Keenan intentionally interfered with the agreement between Claggett & Sykes and their client regarding the Representation by being on a phone call with Defendant Travis Shetler "in an attempt to find new counsel to replace Claggett and Sykes." However, Mr. Keenan has specifically averred that he was never on a phone call with Mr. Shetler at any time where we discussed the Representation together, or with another attorney, in an attempt to replace Claggett & Sykes as counsel. (Doc. 17-2 ¶ 59.) Further, he has further averred that he never made statements to suggest or encourage the firing of Claggett & Sykes, and he never took any steps to intentionally interfere with the alleged Representation. Nor did Mr. Shetler do so in his presence or to his knowledge. (*Id.* ¶ 60.)

As set out more fully in Defendants Brian F. Davis and Davis Law Group, P.A's Opposition to Plaintiff"s Motion to Remand, which KKF and Hoey join, in contrast to the declarations of Messrs. Shetler, Davis, and Keenan, Plaintiffs do not identify even a single fact that forms the bases of the claims against KKF relating to alleged interference. Plaintiffs do not identity the specific who, what, where, why, or how of any of these allegations. If Plaintiffs had any good-faith bases for these allegations, they would be able to identify some combination of the date, time, contents, and circumstances surrounding these alleged meetings and communications, along with the source of their "information and belief." Plaintiffs inability to allege a single specific fact, even after having a second bite at the apple in their Amended Complaint, necessarily suggests their claims against Mr. Shetler are frivolous.

6

## IV.   CONCLUSION

For all of the foregoing reasons and the reasons set forth in Defendants Brian F. Davis and Davis Law Group, P.A.'s Opposition to Plaintiffs' Motion to Remand specifically joined herein by KKF and Hoey, KKF and Hoey move this Court to disregard Mr. Shetler's citizenship for purposes of diversity jurisdiction. There is no dispute the amount in controversy exceeds $75,000 and each of the other named Defendants are diverse from Plaintiffs. KKF and Hoey respectfully request that this Court retain jurisdiction of this case under 28 U.S.C. 1332 and dismiss the case for the reasons set forth in KKF and Hoey's Motion to Dismiss [Doc. 17] the Amended Complaint [Doc. 12].

RESPECTFULLY SUBMITTED this 28th day of January, 2022.

PISANELLI BICE PLLC

By:   */s/ Debra L. Spinelli*
James J. Pisanelli, Esq., #4027
Debra L. Spinelli, Esq., #9695
400 South 7th Street, Suite 300
Las Vegas, Nevada  89101

JOHN M. BOWLER
(*Pro Hac Vice Forthcoming*)
LINDSAY MITCHELL HENNER
(*Pro Hac Vice Forthcoming*)
TROUTMAN PEPPER HAMILTON
   SANDERS LLP
600 Peachtree Street, N.E., Ste. 3000
Atlanta, GA 30308

*Attorneys for Defendants Keenan's Kids Foundation, Inc. and David J. Hoey*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Pisanelli Bice PLLC and that on the 28th day of January 2022, and pursuant to Fed. R. Civ. P. 5, a copy of the above and foregoing **DEFENDANTS KEENAN'S KIDS FOUNDATION, INC. AND DAVID J. HOEY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND JOINDER TO DEFENDANTS BRIAN F. DAVIS AND BRIAN F. DAVIS LAW GROUP, P.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** was served via the Court's electronic filing system to the parties listed for CM/ECF service.

                         */s/ Kimberly Peets*
                         An Employee of Pisanelli Bice PLLC