JARED B. ANDERSON, ESQ. (SBN: 9747)
DAVID J. CHURCHILL, ESQ. (SBN: 7308
**INJURY LAWYERS OF NEVADA**
4001 Meadows Lane
Las Vegas, Nevada 89107
Telephone: 702:868-8888
Facsimile: 702-868-8889
jared@injurylawyersnv.com
david@injurylawyersnv.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEAN K. CLAGGETT & ASSOCIATES, LLC D/B/A CLAGGETT & SYKES LAW FIRM, A NEVADA LIMITED LIABILITY COMPANY; SEAN K. CLAGGETT, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>v.<br><br>DON C. KEENAN, AN INDIVIDUAL; D.C. KEENAN & ASSOCIATES, P.A. D/B/A KEENAN LAW FIRM, A GEORGIA PROFESSIONAL ASSOCIATION; KEENAN'S KIDS FOUNDATION, INC., D/B/A KEENAN TRIAL INSTITUTE AND/OR THE KEENAN EDGE, A GEORGIA NON-PROFIT CORPORATION; BRIAN F. DAVIS, AN INDIVIDUAL; DAVIS LAW GROUP, P.A., A NORTH CAROLINA PROFESSIONAL ASSOCIATION; DAVID J. HOEY, AN INDIVIDUAL; TRAVIS E. SHETLER, AN INDIVIDUAL; WILLIAM ENTREKIN, AN INDIVIDUAL; DOES I-X; AND ROE BUSINESS ENTITIES XI-XX, INCLUSIVE,<br><br>Defendants. | Case No. 2:21-cv-02237-GMN-DJA<br><br>**PLAINTIFFS' MOTION TO STAY DISCOVERY** |

Plaintiffs, SEAN K. CLAGGETT & ASSOCIATES, LLC d/b/a CLAGGETT & SYKES LAW FIRM and SEAN K. CLAGGETT, by and through their attorneys of record, Injury Lawyers of Nevada, hereby file their Motion to Stay Discovery. This Motion is based upon the records and pleadings on file herein, the attached Memorandum of Points and Authorities, and any argument made by counsel at the hearing of this matter.

Dated this 3rd day of May 2022.

INJURY LAWYERS OF NEVADA

/s/ *Jared Anderson*

Jared B. Anderson, Esq. (SBN: 9747)
David J. Churchill, Esq. (SBN: 7308)
**INJURY LAWYERS OF NEVADA**
4001 Meadows Lane
Las Vegas, Nevada 89107

## INTRODUCTION

This case arises out of Defendants' disparagement of Plaintiffs and intentional interference with the contractual relationship Claggett & Sykes Law Firm had with its client, Logan Erne, the plaintiff in the underlying personal injury lawsuit. Defendants removed this case to federal court and seek dismissal of the complaint raising threshold issues of (1) lack of personal jurisdiction, (2) anti-SLAPP immunity, (3) immunity on the basis of litigation privilege, and (4) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs moved this Court to remand this action back to state court because this Court lacks subject matter jurisdiction. Plaintiffs and Defendant Shetler

- 2 -

are Nevada residents and, therefore, this Court this does not have jurisdiction to hear this case. Plaintiffs' Motion to Remand and Defendants' motions to dismiss are currently pending before this Court. Plaintiffs now move this Court to stay discovery, and all deadlines under Fed. R. Civ. P. 26, until this Court decides these threshold jurisdictional issues. While a pending motion to dismiss does not necessarily warrant a stay of discovery, a stay is appropriate when jurisdiction, venue, or immunity are preliminary issues. *See Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Col.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 13, 2013) (granting stay based on alleged lack of personal jurisdiction; *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction); *Wilmington Sav. Fund Soc'y FSB v. El*, 219CV01852KJDDJA, 2019 WL 6310718, at *2 (D. Nev. Nov. 25, 2019) (granting stay based on pending motion to remand). Plaintiffs seek a temporary stay of discovery until this Court decides these threshold issues before the Parties engage in discovery and to further the goal of judicial economy.[1]

---

[1] Plaintiffs submit this Motion seeking a temporary stay of discovery, but Plaintiffs hereby reserve all rights to continue challenging this Court's jurisdiction on the basis of a lack of subject matter jurisdiction. Plaintiffs are not hereby waiving any rights to challenge subject matter jurisdiction or remand this case back to state court by the filing of this Motion.

**PROCEDURAL HISTORY**

On November 2, 2021, Plaintiffs filed the initial complaint in Nevada state court, captioned *Sean Claggett & Associates LLC dba Claggett & Sykes Law Firm et al. v. Don C. Keenan et al*, A-21-843639-C. On December 22, 2021, Defendants Brian F. Davis and Davis Law Group, P.A. filed a Petition for Removal, removing this action to United States District Court, District of Nevada. *See* Petition for Removal, ECF No. 1. On December 24, 2021, Defendant Davis Law Group filed a Motion to Dismiss Plaintiffs' complaint. *See* Mot. to Dismiss, ECF No. 7. On January 12, 2022, Plaintiffs filed an amended complaint curing the alleged deficiencies raised in Defendant Davis Law Group's Motion to Dismiss. *See* Am. Compl., ECF No. 12. On January 14, 2022, Plaintiffs filed their Motion to Remand this action back to state court based on this Court's lack of subject matter jurisdiction *See* Mot. to Remand, ECF No. 13. On January 26, 2022, Defendants Keenan Kids Foundation, Davis, Davis Law Group, and Hoey filed motions to dismiss. *See* ECF No.(s) 16-17. Plaintiffs' Motion to Remand and Defendants' Motions to Dismiss are currently pending before this Court. To date, Defendants have not yet answered Plaintiffs' Amended Complaint.

**LEGAL ARGUMENT**

**I. THE COURT SHOULD STAY DISCOVERY PENDING THE COURT'S RULING ON PLAINTIFFS' MOTION TO REMAND.**

Courts have broad discretionary power to control discovery. *See Wilmington Sav. Fund Soc'y FSB v. El*, 2019 WL 6310718, at \*1 (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "In deciding whether to grant

- 4 -

1 a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a

2 just, speedy, and inexpensive determination of every action." *Id*. Preliminary

3 issues such as jurisdiction, venue, or immunity are common situations that may

4 justify a stay. *Id.* (citing *Twin City Fire Ins.*, 124 F.R.D. at 653); *see also Kabo*

5 *Tools Co.*, 2013 WL 5947138, at *1 (granting stay based on alleged lack of

6 personal jurisdiction); *Ministerio Roca Solida*, 288 F.R.D. at 506 (D. Nev. 2013)

7 (granting stay based in part on alleged lack of subject matter jurisdiction).

8       This Court applies a three-part test to determine whether a stay is

9 appropriate pending resolution of a dispositive motion: (1) the pending motion is

10 potentially dispositive; (2) the potentially dispositive motion can be decided

11 without additional discovery; and (3) the Court has taken a "preliminary peek"

12 at the merits of the potentially dispositive motion to evaluate the likelihood of

13 dismissal. *Wilmington Sav. Fund Soc'y FSB*, 2019 WL 6310718, at *1 (citing

14 *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013)). A party

15 seeking to stay discovery pending resolution of a potentially dispositive motion

16 bears the heavy burden of establishing that discovery should be stayed.

17 *Wilmington Sav. Fund Soc'y FSB*, 2019 WL 6310718, at *2. The "preliminary

18 peek" is not intended to prejudge the outcome, but to evaluate the propriety of a

19 stay of discovery 'with the goal of accomplishing the objectives of Rule 1. *Id.*

20 (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011)).

21

22

23

24

### A. Plaintiffs' Pending Motion to Remand Is Potentially Dispositive On The Issue Of Subject Matter Jurisdiction.

"Ordinarily, a pending dispositive motion is not a situation that in and of itself would warrant a stay of discovery unless jurisdiction, venue, or immunity are preliminary issues." *See Mwanza v. Naphcare*, 2:11-CV-00471-KJD, 2011 WL 4500269, at *1 (D. Nev. Sept. 27, 2011) (quoting *Twin City Fire Ins.*, 124 F.R.D. at 653).

Here, this Court should stay discovery because Plaintiffs' pending Motion to Remand (ECF No.) raises threshold issues of subject matter jurisdiction. Specifically, Plaintiffs' Motion to Remand (ECF No. 13) contends this Court lacks subject matter jurisdiction over the instant case because Plaintiffs and Defendant, Travis Shetler, Esq., are all citizens of Nevada. *Id.* at 3. As such, Defendants cannot establish diversity jurisdiction within 28 U.S.C. § 1332 and this Court lacks subject matter jurisdiction thus necessitating remand of the action to state court. Until this Court decides this threshold issue of jurisdiction, a stay is warranted to avoid "…duplicative litigation, inconsistent results, and waste of effort by itself, the litigants and counsel." *See Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983). Furthermore, Defendants' motions to dismiss challenge personal jurisdiction and raise immunity defenses to Plaintiffs' defamation claims. Given Plaintiffs' Motion is potentially dispositive on the issue of subject matter jurisdiction, and Defendants' motions raise jurisdictional and immunity defenses, this first element is met.

### B. Plaintiffs' Motion To Remand Does Not Require Additional Discovery To Be Decided.

The Court must decide whether the issues before the Court in Plaintiffs' pending Motion to Remand requires further discovery. As stated, remand is proper because this Court lacks subject matter jurisdiction given that Plaintiffs and Defendant Shetler are Nevada residents. Additional discovery will not assist the Court in deciding this threshold issue, as it is undisputed that Plaintiffs and Mr. Shetler are residents of Nevada for purposes of jurisdiction. Moreover, the Parties fully briefed these issues and neither party argued that additional discovery is necessary to enable a decision on Court's determination of subject matter jurisdiction. Thus, this element is met.

### C. A "Preliminary Peak" At The Merits Of Plaintiffs' Motion To Remand Demonstrates The Motion Has A Strong Likelihood Of Success.

As stated above, there is no dispute that Plaintiffs and Mr. Shetler are citizens of Nevada. Based on these facts, there is no basis to assert diversity jurisdiction and this Court lacks subject matter jurisdiction to hear the case. In opposition to remand, Defendants claim fraudulent joinder. Defendants bear a heavy burden of proving fraudulent joinder, and "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *see also Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459,

- 7 -

461 (2d Cir. 1998). If a plaintiff "states even a colorable claim against the [non-diverse] defendant, joinder is proper, and the case should be remanded to state court." *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "[T]he standard for fraudulent joinder is higher than Rule 56 summary judgment or Rule 12(b)(6) dismissal; the standard is not whether Plaintiff will succeed on the merits of the claims but whether the failure of the claims is 'obvious according to the settled rules of the state.'" *See Ansara v. State Farm Fire & Cas. Co.*, 2015 U.S. Dist. LEXIS 159365, \*9 (Nov. 24, 2015).

Indeed, a "preliminary peek" at Plaintiffs' Motion to Remand reveals that Plaintiffs have a strong likelihood of success. Mr. Shetler is not only a Nevada resident, but Plaintiffs allege that he directly participated in the conspiracy to have Claggett & Sykes fired off the *Erne* case. Plaintiffs allege that Shetler had communications with Defendants Keenan and/or Davis in furtherance of their conspiracy to interfere with Plaintiffs' relationship with the client. *See* Am. Compl., ECF No. 12, at ¶ 73. Plaintiffs further allege that Defendant Keenan held one or more meetings with Defendant Davis and/or Shetler on the phone, through text, email, and/or in person prior to the date the client terminated Claggett & Sykes to discuss interfering with Claggett & Sykes relationship with the client. *Id*. at ¶ 74. Upon information and belief, during those discussions, Keenan and/or Davis recruited Shetler to assist in finding a new attorney in Nevada to replace Claggett & Sykes as counsel for the client. *Id*. at ¶ 75. Upon information and belief, Keenan and Shetler called at least one other lawyer in Las Vegas in an attempt to find new counsel to replace Claggett & Sykes Law

- 8 -

Firm. *Id*. at ¶ 72. Ultimately, Defendant Shetler eventually agreed to act as local counsel in the *Erne* matter. *Id*. at ¶ 77. Plaintiffs did not add Mr. Shetler to the lawsuit to defeat jurisdiction; rather, Defendant Shetler directly participated in the conduct at issue and Plaintiffs added him for this reason. Based on the aforementioned facts, a "preliminary peak" at Plaintiffs' Motion to Remand demonstrates that further discovery is unnecessary to determine subject matter jurisdiction, and Plaintiffs are likely to succeed on the merits of their Motion to Remand.

Taken together, Plaintiffs' Motion to Stay Discovery pending resolution of Plaintiffs' Motion to Remand is appropriate. Plaintiffs' Motion to Remand is potentially dispositive of the threshold issue of subject matter jurisdiction, and the same can be decided without further discovery. Moreover, Plaintiffs' Motion is likely to succeed given the rigorous standard Defendants' must overcome to prove fraudulent joinder. Furthermore, the stay of discovery will promote judicial economy and preclude the duplication of efforts by both parties should the Court remand this case to state court. Finally, the stay is unlikely to result in prejudice to either party given the stay will be temporary and limited to the time necessary for the Court to decide this Motion. In accordance with *Twin City Fire* and this Court's order in *Wilmington Sav. Fund Soc'y FSB*, this Court should grant a temporary stay of discovery in this case.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court grant their Motion to Stay Discovery in its entirety.

Dated this 3rd day of May 2022.

                                                INJURY LAWYERS OF NEVADA

                                                /s/ *Jared Anderson*

                                                _____
                                                Jared B. Anderson, Esq. (SBN: 9747)
                                                David J. Churchill, Esq. (SBN: 7308)
                                                4001 Meadows Lane
                                                Las Vegas, Nevada 89107

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of May, 2022, I served a true and correct copy of the above and foregoing **PLAINTIFFS' MOTION TO stay discovery** on the parties via the Court's Electronic filing system to all parties listed in CM/ECF service listed for this case:

*/s/Lili Salonga*
_____
An employee of Injury Lawyers of Nevada