1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Sean K. Claggett & Associates, LLC d/b/a Claggett & Sykes Law Firm, a Nevada limited liability company; and Sean K. Claggett, an individual, | Case No. 2:21-cv-02237-GMN-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Don C. Keenan, et al., | |
| Defendants. | |

This is an intentional interference with contractual relations action arising out of an agreement between Plaintiffs—Claggett & Sykes Law Firm and Sean K. Claggett—and their client in a personal injury suit. Plaintiffs sue Defendants for damages, alleging that Defendants conspired to interfere with Plaintiffs' relationship with their client. Plaintiffs move to stay discovery pending their motion to remand and Defendants' motions to dismiss. (ECF No. 45).

Defendants Brian F. Davis and Davis Law Group, P.A. (the "Davis Defendants") respond that they do not oppose staying discovery, but that they take issue with Plaintiffs using the motion to stay as "a second chance to argue the points already raised" in their motion to remand. (ECF No. 46). Defendants Don C. Keenan; D.C. Keenan & Associates, P.A. d/b/a Keenan Law Firm; and William Entrekin (the "Keenan Defendants") join the Davis Defendants' response. (ECF No. 47). No other party responded.

Plaintiffs reply that Defendants—not Plaintiffs—are trying to relitigate issues already briefed and that, because Defendants do not oppose the stay, the Court should grant it. (ECF No. 48). Because the Court finds that a stay would promote the objectives of Rule 1 and because Defendants do not oppose, it grants the motion to stay discovery. The Court finds these matters properly resolved without a hearing. LR 78-1.

1    **I.    Background.**

2        The Davis Defendants removed this action from state court, arguing that the Court has

3    diversity jurisdiction over the action because all parties are diverse except for Defendant Travis

4    Shetler, whom the Davis Defendants argue was fraudulently joined to avoid removal.  (ECF No.

5    1).  Plaintiffs moved to remand.  (ECF No. 13).  The Davis Defendants moved to dismiss.  (ECF

6    No. 16).  Defendants David J. Hoey and Keenan's Kids Foundation, Inc. also moved to dismiss.

7    (ECF No. 17).  Plaintiffs moved to stay discovery pending the outcome of these motions. (ECF

8    No. 45).

9        Plaintiffs argue that the pending motions raise threshold issues of personal jurisdiction,

10   anti-SLAPP immunity, litigation privilege immunity, and Rule 12(b)(6) failure to state a claim.

11   (ECF No. 45 at 2).  Because these issues are preliminary issues, Plaintiffs argue that a stay would

12   further judicial economy and would meet the three-part discovery stay test—that the motions are

13   potentially dispositive, that additional discovery is unnecessary, and that the motion to remand

14   has a likelihood of success—focusing primarily on their motion to remand.  (*Id.* at 2-3).

15       The Davis Defendants respond that they do not oppose a discovery stay.  (ECF No. 46).

16   The Davis Defendants do not address the potentially dispositive prong but agree that additional

17   discovery is unnecessary to decide the pending motions.  (*Id.* at 4-5).  The Davis Defendants

18   argue that Plaintiffs' motion to remand does not have a likelihood of success, outlining the

19   reasons why they assert Defendant Shetler was fraudulently joined.  (*Id.* at 4-6).  Plaintiff replies

20   that Defendants arguments regarding the likelihood of success inappropriately argue the merits of

21   Plaintiffs' claims.  (ECF No. 48).  Regardless, because Defendants do not oppose a stay, Plaintiffs

22   argue that the Court should grant the discovery stay.  (*Id.* at 4).

23   **II.    Discussion.**

24       The Court grants Plaintiffs' motion to stay.  Courts have broad discretionary power to

25   control discovery.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In

26   deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to

27   ensure a just, speedy, and inexpensive determination of every action.  *See Kidneigh v.*

28   *Tournament One Corp.*, No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May

1, 2013).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).  Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g.*, *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value.").  When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603.  In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.*

This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted).  That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.  An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. *Long v. Aurora Bank, FSB*, No. 2:12-cv-00721-GMN-CWH, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012).

The Court grants Defendants' motion to stay discovery.  The first factor weighs in favor of a stay because the pending motions to dismiss and motion to remand are potentially dispositive

1   of all claims.  As Plaintiffs point out, the motion to remand is potentially dispositive because it

2   would determine whether this Court has jurisdiction over the case and Defendants' motions to

3   dismiss raise jurisdictional and immunity defenses.  The Davis Defendants do not address this

4   point in response.

5          The second factor weighs in favor of a stay.  A motion to dismiss, by its nature, does not

6   require additional discovery to decide.  And Plaintiffs and the Davis Defendants agree that

7   additional discovery is not necessary to decide the motion to remand.

8          The third factor also weighs in favor of a stay.  Having taken a preliminary peek at the

9   merits of Defendants' motions to dismiss and Plaintiffs' motion to remand, the Court finds that

10  staying discovery would accomplish the objectives of Rule 1.  While the Court does not prejudge

11  the outcome, it finds that dismissal is likely.  If the Court grants Defendants' motions, some if not

12  all of Plaintiffs claims will be dismissed.  If the Court grants Plaintiffs' motion, it will lose

13  jurisdiction to decide these claims.  While there is a possibility that that Court could deny both

14  Plaintiffs' and Defendants' motions, the Court finds that this unique procedural posture means

15  that a discovery stay will accomplish the objectives of Rule 1.  Staying discovery here will

16  accomplish the just determination of the action because it will prevent Plaintiffs from engaging in

17  discovery where they believe there is no jurisdiction.  Staying discovery will accomplish a speedy

18  determination because it will lessen the likelihood that the parties will duplicate efforts in the

19  event the case is remanded.  And it will accomplish an inexpensive resolution for the same

20  reason.

21         **IT IS THEREFORE ORDERED** that Plaintiffs' motion to stay discovery (ECF No. 45)

22  is **granted**.

23

24         DATED: July 14, 2022

25                                                        _____

26                                                        DANIEL J. ALBREGTS
                                                          UNITED STATES MAGISTRATE JUDGE
27

28